No. 100.—JOHN SHANNON, administrator, &c. plaintiff in error, vs. ANDREW M. FULLER, defendant in error.

[1.] A trustee who is individually liable for cost in the first instance is an incompetent witness to testify in favor of a case to which he is a party. Nor does it relieve the objection that the estate is liable over to reimburse the trustee.

[2.] If a witness be incompetent to testify at the time of his examination, it is no answer to the objection to show that he has become interested since the commencement of the suit, or since the time of his becoming acquainted with the fact which he is called to prove.

Assumpsit, in Monroe Superior Court. Tried before Judge GREEN, February Term, 1856.

This was an action of assumpsit brought by Andrew M. Fuller against Robert Mays, in his lifetime, on a draft for

$203. Mays plead that the consideration of the draft was a negro man, and that the same had failed, the negro being diseased at the time of sale, and that he died shortly after. Pending the suit Mays died, and John Shannon was appointed administrator on his estate and made party defendant.

On the trial, Shannon was offered as a witness to prove the failure of consideration. The plaintiff objected to his testimony. The Court sustained the objection, and Counsel for plaintiff excepted.

CABANISS; PINKARD, for plaintiff in error.

TRIPPE; WHITTLE, for defendant in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] Is an administrator a competent witness to prove the failure of consideration of a draft drawn by his intestate, he having no personal interest in the case, and the estate in his hands being sufficient to pay the debt and cost, if recovered?

It is fully settled, that an interest in the event of the suit, however small, will render a witness incompetent. And that where a party to an action has no interest in the question in dispute, but is suing as a mere trustee for another person, he will, nevertheless, in general, be incompetent on the ground of liability to costs. (See 1 *Phil. on Ev.* 46, 47, *and notes.*)

A *prochein ami* or guardian suing for an infant, is incompetent on this ground. Nor is it any sufficient reply that the estate is liable over to reimburse the trustee, provided he is individually liable for cost in the first instance. (*Id.*)

Upon these plain elementary principles of evidence, the witness should have been excluded.

[2.] But the ground is taken in the bill of exceptions, that Dr. Shannon having been a competent witness for Mays at the time the suit was brought, he could not, by administering on the estate of Mays, deprive it of the benefit of his testimony.

The case of *Barlow vs. Vowell,* (*Skinner* 586,) was sup-

posed to have decided that where a person makes himself a party in interest, after a plaintiff or defendant has an interest in his testimony, he may not, by his own act, deprive either party of the benefit of his evidence. But although the decision of Lord *Holt* in that case may have been right, no such broad proposition is deducible from it as that first stated and which is claimed here.

The incompetency of a witness on account of interest must depend upon the nature of the interest, and not upon the time when it was acquired. The *voire dire* is, whether he is interested at the time of his examination? If so, he is incompetent, and it is no answer to the question to show that he has become interested only since the commencement of the action, or since the time of his becoming acquainted with the fact which he is called to prove. (1 *Phil. on Ev.* 150, 151.) The case of *Barlow vs. Vowell* was determined on the ground of fraud.