### COLLINSVILLE GRANITE COMPANY *v.* PHILLIPS, and *vice versa.*

1. That the plaintiff in error did not specify his exceptions to the auditor's report as part of the record to be certified by the clerk and transmitted to this court, but incorporated the exceptions in his bill of exceptions, assigning error separately upon the ruling of the court overruling each of the exceptions to the auditor's report, is no ground for dismissing the writ of error.

2. The bill of exceptions of the Collinsville Granite Company is not open to the objection that it is argumentative and does not assign error with sufficient clearness and definiteness.

3. If an auditor to whom a case has been referred fails to embody in his report a statement of fact material to the case on trial, the remedy of the party injured by this failure is to ask for an order recommitting the report, that the omission may be supplied. The error can not be attacked by an "exception of law as to matter not appearing on the face of the record."

4. While the original petition did not pray for a judgment for mesne profits, one of the amendments thereto contained the equivalent of such a prayer; and there was evidence to warrant the finding of the auditor on this subject.

5. Where a deed made by an administrator recited the authority given by the ordinary of the county to sell at public outcry the land covered by the deed, "with the exception of all the granite on said lot of land," but in the granting clause failed to make reference to the granite, it will be presumed that the administrator did not undertake to exceed his authority, and that there was no intention to pass title to the granite.

6. Where the habendum clause in a deed contained an exception which was not referred to in the granting clause, the exception was not void for repugnancy, if it clearly appears that it was the intention of the parties to make such exception.

7. Where the ownership of the surface of land and that of the minerals on the land are in different persons, the owner of the surface has an implied right to support, either natural or artificial, for his land.

8. It is possible for one to own the title to minerals and yet not have the right to take possession of his property. Thus, where the ownership of the surface and the mineral interest are in different persons, and the mineral is of such a character that it can only be worked from above, after removing the surface soil (e. g., granite), the owner of the minerals has no right to remove his property until it has become exposed by the removal of the soil.

9. A deed conveyed realty, "with the exception of all the granite on said lot of land." Held, that the owner of the granite had title to all of that mineral on the land; not merely that which was exposed at the time the deed was made. This was so regardless of his right to disturb the soil for the purpose of removing the granite. When, from the washing away of the soil or from other causes, other granite became exposed, he had the right to remove it.

10. When the plaintiff in an action of "complaint for land" files amendments, which are allowed, praying equitable relief in aid of his petition, and such petition as amended is duly answered, the proceeding is converted into an equity case; so that when the same is referred to an auditor, exceptions of fact to his report need not be submitted to a jury unless the judge approves them, and whether they shall be approved is a matter addressed to the sound discretion of the judge.

11. Where a deed described the property conveyed as containing ninety acres, more or less, and being the north half of a designated lot of land, and it appeared that the land lot in question contained more than two hundred acres, the description by the number of acres should give way to that by the subdivision of the land lot.

12. A security deed can not be the foundation upon which to begin a prescription by seven years possession under color of title, so long as the possession of the premises is not surrendered to the grantee therein, but still remains in the grantor.

13. When the grantor in a deed describes the property which he therein conveys as all of his interest, as heir at law of another, in described land, the deed is admissible in evidence in favor of one claiming to derive title to the land from him. What the grantor's interest in the land, if any, was at the time

the deed was executed may be shown by other evidence, the value of the deed as evidence of title depending upon proof of such interest.

14. Where the description of the property conveyed in a deed is "one fourth interest" in a definitely described lot of land, the description is not "so vague, indefinite as to be void," but is an accurate description of a fractional interest in land.

15. One may show title to a mineral interest in land by showing an unrestricted title to the land wherein the mineral is contained.

16. An exception of law to an auditor's report does not properly present any question for determination by the court, when it complains of the admission or the rejection of evidence, whether the same be oral or documentary, and fails to disclose upon its face, or by an exhibit attached to the exception and referred to therein, what the substance of such evidence was, or to point out where in the auditor's brief of evidence the same may be found. The same rule obtains, in an equity case, in reference to an exception of law or of fact to a finding of the auditor which involves a consideration of the evidence upon which such finding was based. *Armstrong* v. *Winter*, 122 *Ga.* 869, and cit. ; *First State Bank* v. *Avera*, ante, 598.

17. Where in a suit for the recovery of realty the plaintiff relies on a receiver's deed as a link in his chain of title, the fact that the defendant in the case on trial was no party to the action which resulted in the decree under which the receiver sold the property affords no ground for excluding the deed from evidence.

18. Where the receiver sold such realty under and by direction of a consent decree, as the property of the parties to the cause wherein such decree was rendered, the fact that he was not, at the time of the sale, in possession of all of such property would not render such deed inadmissible in evidence.

19. The fact that an administrator bid off the property at the receiver's sale and that it was sold, in part, as the property of his intestate's estate, did not render the sale and the deed made in pursuance thereof void, and such deed when offered in evidence in the ejectment suit could not be collaterally attacked on this ground by the defendant.

20. Where the question at issue was, who owned the granite interest in a certain lot of land, it was not competent for a witness to testify that granite quarried on this lot belonged to the party who had quarried it.

21. An exception to the admission of testimony which was objected to by the exceptor presents no question for determination, when it fails to disclose what the testimony admitted was, but merely gives the question propounded to the witness.

22. Where the ground of an exception to the admission of the answer of a witness can not be understood from the exception itself, but is so vague and uncertain that it can not be comprehended without searching through the brief of evidence for light upon the subject, it presents no question for the court's determination.

23. An affidavit made by one under whom the defendant claimed, while such person was in possession of the land, wherein he admitted that he did not own the "rock or granite" interest therein, was not inadmissible in evidence because the affiant was dead, nor because it was an affidavit used in previous litigation concerning the property to which the defendant in the case on trial was not a party.

24. Where a party to an action of the present character requests the auditor to whom the case has been referred to personally visit and inspect the premises in dispute, he can not afterwards object to the impression produced on the mind of the auditor by such inspection.

25. A mere statement by the auditor that "this personal inspection had considerable influence on the mind of the auditor in arriving at the conclusion and recommendation he hereinafter makes," and that, "in his opinion, much of the evidence and practically all of the objections to the introduction thereof play a very unimportant part in a proper adjudication of the question submitted," is not a finding by the auditor and can not be excepted to as such.

26. Where the auditor found a particular portion of the premises in dispute in favor of the plaintiff and described it by metes and bounds, an exception to such finding upon the ground that "one of his boundary lines is indefinite, uncertain, and impossible to locate," without indicating which boundary line is referred to, is not properly made.

27. In this suit, only the "exposed granite" could be recovered by the plaintiff. Land whereon the granite was not exposed could not be recovered, even though it was not suitable for cultivation.

28. It is not ground for exception to a decree rendered upon the report of an auditor, that the amount of the recovery in favor of the plaintiff therein is less than the evidence before the auditor authorized.

29. When, in a case of this character the court, upon the prayer of the plaintiff, enjoins the defendant, from quarrying stone upon the property awarded by the decree to the plaintiff, it is not error to also enjoin the plaintiff from interfering with the property therein awarded to the defendant.

Argued February 10,—Decided August 5, 1905.

Equitable petition.   Before Judge Roan.   DeKalb superior court.   June 4, 1904.

*DuBignon & Alston* and *C. W. Smith*, for plaintiff.

*Thomas F. Corrigan, Bishop & Ripley*, and *D. P. Phillips*, for defendant.

FISH, P. J.   The Collinsville Granite Company brought an action, in the form of "complaint for land," against R. O. Phillips, to recover "all of the exposed granite upon one hundred and twenty-three acres of land, more or less, in land lot one hundred and eighty-four of the sixteenth district of DeKalb county, Georgia," which was described with particularity in the petition. Two amendments to the petition were allowed, both of which invoked the equitable powers of the court.   In one it was alleged that Phillips did not own or hold title to the property in dispute, but was tenant in possession under a bond for title from one G. W. Johnson; that the deeds under which the defendant claimed expressly stipulated that the exposed granite was reserved from

53

the conveyances; that Phillips was mining stone upon the property, and extending his operations to other quarries which had not theretofore been opened; that he was insolvent, and the plaintiff was on that account without redress for the waste that would be committed; and an injunction was prayed to restrain the defendant or his agents from quarrying stone on the property. The other amendment prayed for an accounting for the stone already quarried by Phillips, and also that a receiver be appointed to take charge of the property, or to take account of the income and of the stone quarried; and that the plaintiff have judgment for the value of the stone thus removed by Phillips. In pursuance of the prayers of these amendments, or ancillary petitions, temporary restraining orders were granted, but these were subsequently modified by an order granting leave to the defendant to operate the quarries until the final hearing of the petition, provided he should give bond with security to indemnify the plaintiff for any damage to the property by reason of his use of it. The defendant gave the bond required, and continued in possession of the property. The answer of the defendant denied the material allegations of the petition, and claimed that he was entitled to possession of the property sued for, under a bond for title from one Johnson. It was also denied that the deeds under which the defendant claimed contained any reservation of the exposed granite on the property conveyed. The case was referred to an auditor, who duly reported his findings to the court. Both the plaintiff and the defendant filed exceptions of law and of fact to the auditor's report; but all exceptions were overruled, and a decree was framed substantially following the report. Both parties excepted to the decree, and the case is now before this court for review.

1, 2. A motion was made by Phillips to dismiss the writ of error sued out by the Collinsville Granite Company, on the grounds (1, 2) that the bill of exceptions did not specify the exceptions of law and fact, the overruling of which was assigned as error, as part of the record to be sent to this court, the exceptions being incorporated in the bill of exceptions and error assigned on them separately; (3) that the bill of exceptions is argumentative, and not confined to the errors complained of. We know of no reason why a plaintiff in error may not, if he sees fit,

bring exceptions to an auditor's report to this court in his bill
of exceptions rather than in the transcript of the record, so long
as they are duly certified by the trial judge who overruled them.
While the practice of bringing exceptions to an auditor's report to
this court in a bill of exceptions, instead of specifying them as
part of the record to be transmitted by the clerk of the court
below, may be open to objection, the writ of error will not be dis-
missed on this account.　　This question is settled, in principle, by
the decision in *Burkhalter* v. *Oliver*, 88 *Ga.* 473, where this court
declined to dismiss a writ of error on the ground that the dif-
ferent grounds of the motion for a new trial were set out in the
bill of exceptions and error assigned thereon separately, the
motion not being brought up in the transcript of the record.　Nor
is there any merit in the ground that the bill of exceptions is
argumentative.　Every bill of exceptions should be argumentative
to the extent of setting out the reasons why the judgment or rul-
ing complained of is alleged to be erroneous.　The bill of excep-
tions now under discussion came up to the full requirements
of the law in the clearness and definiteness with which error was
assigned; and the writ of error will not be dismissed.

3. The bill of exceptions filed by Phillips complains that the
court erred in overruling his exceptions of law and of fact to the
auditor's report, and in rendering judgment for the plaintiff
for mesne profits.　The exceptions of law were twenty-five in
number.　One of these purports to be an exception " as to matter
not appearing on the face of the record," and complains that the
auditor erred in not stating in his report that the plaintiff made an
admission in judico which was alleged to have had a material
bearing on the case on trial.　We know of no rule of law permit-
ting a party to except in this manner to the failure of the auditor
to embody material statements in his report.　Exceptions should
go to what the auditor reported, not to what he did not report.
This is so for the very excellent reason that in the absence of
a report from the auditor the court has no way of ascertaining
whether the matter complained of is true or not.　If, indeed, the
auditor's report was not full enough, the defendant should have
prayed the court for an order recommitting the report, so that the
alleged omissions could have been supplied in the regular and
legal manner.　Civil Code, § 4593.

4. The assignment of error complaining of the judgment for mesne profits does not complain that the amount allowed by the court was incorrect or was arrived at in an erroneous manner, but merely that there was no evidence to authorize any judgment for mesne profits at all, and that such a judgment was not warranted by the pleadings. This contention is without merit. While the original petition did not pray in express terms for a judgment for mesne profits, one of the amendments thereto contained a prayer on which such a judgment could be based, viz.: that plaintiff have judgment for the value of the stone which defendant had quarried from the land. *Cunningham* v. *Morris*, 19 *Ga.* 583. The report of the auditor affirmatively shows that ample evidence was introduced to warrant a finding for mesne profits.

5, 6. Two deeds were introduced by the plaintiff, neither of which formed any part of its chain of title, but each of which the plaintiff claimed was a part of the chain of title under which the defendant held. They were evidently introduced for the purpose of showing that W. H. Braswell, under whom the defendant claimed, never acquired any title to the granite in dispute, and, therefore, those who derived title through him never acquired any title to such granite. How the plaintiff obtained possession of these deeds does not appear. They do not appear to have been produced on the trial by the defendant, under notice served upon him for this purpose. The question whether the plaintiff could, by the introduction of these deeds, show that as the defendant claimed under Braswell he must also claim under the grantors in these deeds, does not appear to have been made at any stage of the case; but the case seems to have been tried on the theory, apparently acquiesced in, or not contested, by the defendant, that whatever paper title the defendant had was derived from the grantors in these conveyances; and in the brief of his counsel filed in this court it is admitted that these grantors were his predecessors in title. As we shall presently see, each of these deeds purported to convey the land therein described, with the exception of the granite. The proper legal construction of these two deeds was considered by the auditor to be the main and controlling question in the case, and neither party was satisfied with the construction which he placed upon them in his findings of law, and hence each party filed exceptions of law to such

findings.    The first of these deeds, in point of time, was from White, administrator of Boyd, to Wheeler.    It was executed in 1854, and recited that it was made by virtue of an order of the court of ordinary of Newton county, granting leave to the administrator to sell, as the property of his decedent, "lot one hundred and eighty-four in the sixteenth district of originally Henry, now DeKalb county, containing two hundred and two and one half acres, with the rights, members, and appurtenances thereunto belonging, with the exception of all the granite on said lot of land, the right of way to the Georgia Railroad, and the widow's dower."    The granting clause of the deed was as follows: "The said David T. White, administrator as aforesaid, hath granted, . . unto the said Simeon Wheeler, his heirs, executors, administrators, and assigns, the said parcel of land, with all the rights, members, and appurtenances thereunto belonging, unto the said Simeon Wheeler, or any wise appertaining, to his heirs, executors, administrators, and assigns, to his and their own proper use, benefit, and behoof."    Subsequently Wheeler executed a deed to Braswell, which, in the granting clause, undertook to convey to the grantee ninety acres of land lot 184 in DeKalb county, but in the habendum clause excepted "the granite on said lot."    The auditor held that under these deeds "all the arable and all the cultivatable land passed to the grantees therein mentioned, but that the exposed granite on this lot of land was reserved to the grantors, their heirs and assigns;" but he also expressly ruled: "that the true intention and meaning of the parties was to reserve only such granite as was exposed at that time.    For it appears from the evidence that underlying all of the soil on said lot of land is a foundation of granite capable of being quarried.    It appears to the auditor that it could not have been within the intention of the parties to these deeds, notwithstanding the language used in these deeds, to attempt to reserve the support and foundation of the cultivatable soil conveyed. . .    To say the least of it, the plaintiff in the case at bar can not complain at this construction, because in the declaration filed the plaintiff only sued for 'the exposed granite' on this land lot."    Contrary to the auditor's expectations, however, the plaintiff did, as we have already stated, complain of his construction of the deeds, contending that its suit was for the granite which was ex-

posed at the time of the commencement of the action, and not when the deeds were executed; and further contending that the deeds conveyed to the grantees no interest whatever in the granite on the land. The defendant was equally dissatisfied, insisting that the exceptions in the deeds were void for vagueness and for repugnance to the granting clauses.

We are clear that there is no merit in the contention of the defendant that the exception of the granite in the deeds referred to was void for inconsistency, and that the deeds passed title to the entire interest in the land, including the granite. "The strictness of the ancient rule as to repugnancy in deeds is much relaxed, so that in this, as in other cases of construction, if clauses or parts are conflicting or repugnant, the intention is gathered from the whole instrument." 13 Cyc. 618. See also Civil Code, § 3673; *Thurmond* v. *Thurmond*, 88 *Ga.* 182; *Bray* v. *McGinty*, 94 *Ga.* 192; *Rollins* v. *Davis*, 96 *Ga.* 107; *Henderson* v. *Sawyer*, 99 *Ga.* 234. It was clearly the intention of the grantors in the deeds from White, administrator, to Wheeler, and from Wheeler to Braswell, not to convey certain granite on the land (whether the exception extended to all the granite or only to that which was at the time exposed will be considered later); and that intention will not be defeated by the failure of the person who drew the instrument to make the exception specifically in the granting clause of the deed. In the deed from White to Wheeler, the instrument recited that it was made in pursuance of an order of the court of ordinary of Newton county, and that the authority granted by that order did not extend to the granite on the land. In the face of this recital it can not be assumed that the grantor intended to exceed his authority and convey more than he was entitled to convey. And the deed from Wheeler to Braswell, read in connection with that from White to Wheeler, leaves no doubt that it was the intention of the parties, that title to the granite should not pass.

7–9. The deed from White, administrator, to Wheeler conveyed land lot 184, "with the exception of all the granite on said lot of land," the widow's dower, and the right of way of the Georgia Railroad. That from Wheeler to Braswell conveyed ninety acres of land lot 184, "with the exception of the granite on said lot." It would seem, at first glance, that these deeds passed no

title to any of the granite on the land which they covered. It appeared, however, that underlying all of the soil on this land lot was a foundation of granite capable of being quarried; and the auditor therefore held that it was the intention of the grantors to except or reserve only that granite which was exposed at the time the deeds were made. We can not agree with this construction. It is true that it appeared that in quarrying granite it was necessary to remove the covering soil, and that it was impossible to mine it from beneath the ground like other minerals; and therefore that if the rights of the owner of the soil were subordinated to those of the owner of the granite, the result would be practically, to deprive the former of all that he was supposed to get under his deed. " Where one grants the surface of land and reserves the minerals, or grants the surface to one and the minerals to another, an implied right to support of the surface passes with the grant of the surface. This does not mean that all of the mineral does not belong to the mineral owner, but that he can not get it out without leaving a sufficient support, natural or artificial, for the surface." 18 Am. & Eng. Enc. L. (2d ed.) 556–557. See also the opinion of Lord Campbell in Smart v. Morton, 85 E. C. L. 30. It would seem, then, that in the case of granite, where it is impossible to remove the mineral without disturbing the surface soil and completely destroying the benefits accruing to the owner of the surface, if the ownership of the mineral is in one person and that of the surface in another, the former could only exercise his rights in taking out such granite as was exposed, from one cause or another, by the removal of the surface soil. But it must be borne in mind that no part of the granite passed to the grantees in the deeds now under construction. If the grantor in the first of these deeds had title to the granite, it remained in him, though he may not have had the right to take possession of his property. If he had title to the granite, he owned the entire granite interest in the lot, not merely that which was exposed at the time the deed was executed; and when for any cause other granite became exposed, it was his right to quarry it. The auditor, in his report, states that he is confirmed in his opinion that the deed being construed excepted only the granite that was exposed at the time, by reason of the verdict and decree in certain litigation over the title

to this property in the year 1888, which constituted a part of the plaintiff's chain of title.   We have carefully examined the verdict and decree referred to, and have been unable to arrive at the same conclusion in regard thereto as did the auditor.   From the abstract of the record in that litigation, appearing in the brief of evidence in the present case, it appears that "the jury found as follows:   The title to the property in dispute, to wit, the exposed granite on land lot 184 in the 16th district of originally .Henry, now DeKalb county, Georgia, shall, and it is then, and is hereby confirmed as follows."   Then follows the finding of the jury as to the parties entitled to the possession; and it further appears that "on that verdict decree was entered in accordance therewith."   The term "exposed granite" is used in the verdict, and presumably the decree settled the title, as between the parties to that litigation, to the "exposed granite;" but we see no reason to conclude, on this account, that a deed made in 1854, conveying described land, "with the exception of all the granite on said lot of land," conveyed to the grantee the land except only that granite which was exposed in 1854.   If we are correct in the view that none of the granite on land lot 184 passed under the deed from White, administrator, to Wheeler, and if the Collinsville Granite Company now has title to all the granite, exposed or concealed, regardless of its right to remove that granite, it follows that its suit in 1902 for the exposed granite on the land should not be construed as an action for the granite which was exposed in 1854, but as an action for the recovery of the granite exposed at the time the suit was brought.

10. Complaint is made by the defendant that the court erred in overruling his exceptions of fact to the auditor's report, without submitting the issues. of fact raised thereby to a jury.   The case, in its inception, was one at law, but the amendments filed by the plaintiff to its petition, which were allowed and answered, invoked· the equitable relief of injunction, accounting, and receiver, in aid of the common-law relief sought in the original petition.   It is true that no injunction was. granted or receiver appointed, but, in lieu of an injunction and receiver, the court required the defendant to give bond to indemnify the plaintiff against the alleged threatened injury which the equitable amendments sought to prevent.   The cause of action was thus con-

verted from a legal into an equitable one, and it was not nec-
essary for the court to submit the exceptions of fact to the audi-
tor's report to a jury, unless they were approved; and whether
they should be approved was in the discretion of the judge.
*Austin* v. *Southern Home Building & Loan Asso.,* 122 *Ga.* 439.

11. The auditor in his report held that there were but three
controlling questions for his decision, viz., (1) the construction
to be given the deeds from White, administrator, to Wheeler, and
from Wheeler to Braswell; (2) what part of the property sued
for was covered by those deeds; and (3) what granite was ex-
posed on the 90 acres of land conveyed by the deed from Wheeler
to Braswell. In view of the ruling that we have made on the
first of these questions, it is apparent that the third is immaterial;
for if the deeds did not convey any of the granite on the land, it
makes no difference, so far as this discussion is concerned, what
granite was exposed when those deeds were made, or whether
any was exposed. This question, therefore, will not be con-
sidered. There is no difficulty in determining what land was
conveyed by the deed from White, administrator, to Wheeler.
All of land lot 184, except the granite, the right of way of the
Georgia Railroad, and the widow's dower, was embraced in that
deed. The deed from Wheeler to Braswell conveyed " all that
tract or parcel of land situate, lying, and being in the sixteenth
district of DeKalb county, it being part of lot of land number
one hundred and eighty-four, containing ninety acres, more or less,
and being the north half of said lot of land." As land lot 184
contained two hundred and two and one half acres, it is apparent
that a description of the north half of the lot as containing only
ninety acres is contradictory, and it becomes necessary to deter-
mine whether the description by the number of acres or by the
designation of the fractional part of the land lot is to prevail.
The auditor held that the deed conveyed land bounded as follows:
" The original land-lot lines on the north, east, and west, and the
made line running parallel to the original north land-lot line and
dividing the land lot into two equal portions." We find no error
in this ruling. " If recitals in a deed are inconsistent or repug-
nant, the first recital does not necessarily prevail over the latter,
but the whole language of the deed is to be construed together
in order that the true construction may be ascertained. In such

a case the court will look into the surrounding facts, and will adopt that construction which is the most definite and certain, and which will carry out the evident intention of the parties." 13 Cyc. 627. "In the description of land it is usual, after the description by metes and bounds or subdivisions, to add a clause stating that the land described contains so many acres. But unless there is an express covenant that there is the quantity of land mentioned, the clause as to quantity is considered simply as a part of the description, and will be rejected if it is inconsistent with the actual area, when the same is capable of being ascertained by monuments and boundaries. The mention of the quantity of land conveyed may aid in defining the premises, but it can not control the rest of the description." 2 Devlin on Deeds (2d ed.), § 1044. These authorities leave no doubt as to the correctness of the auditor's decision that the description by number of acres must give way to the more definite description, "being the north half of said lot of land."

12. In January, 1888, W. H. Braswell, the grantee in the deed from Wheeler, in order to secure a debt for borrowed money, executed to the Equitable Mortgage Company a deed to the one hundred and twenty-three acres of land lot 184 claimed by the defendant including the "ninety acres" which the grantor had acquired from Simeon Wheeler, the granite in the land not being excepted from the security deed. Contemporaneously with the execution of this deed, the mortgage company executed its bond to reconvey the property to the grantor upon the payment of the debt. The debt was not paid when due, and in 1897 the security deed was foreclosed and the property sold at public outcry to one Preston. He sold it to the Equitable Securities Company, and that company sold it to Johnson, under whom the defendant holds, under a bond for title to the land, including the granite. The defendant introduced the deed from Braswell to the Equitable Mortgage Company. The plaintiff objected to the admissibility of this deed, except for certain limited purposes. The auditor held that the deed was admissible as one of the links in the defendant's chain of title, but was not admissible to show color of title from its date, upon which to base a prescription in favor of the defendant, because the possession of the property was not surrendered to the grantee when the deed was executed, but re-

mained in the grantor. To this ruling of the auditor the defendant excepted. The ruling of the auditor was clearly right. This deed could not be color of title in the mortgage company, for it did not go into possession of the land under the deed. This deed could not be color of title in Braswell, for it purported to convey title out of, and not into, him; and besides he could not hold under color of title from himself.

13. There was no error on the part of the auditor in admitting in evidence certain deeds, offered by the plaintiff, from parties claiming to be the heirs at law of James F. Seavey to Lemuel P. Grant. Each of these deeds was objected to by the defendant upon the ground "that the suit was for exposed granite on 123 acres of land lot 184, and the description of the deed is 'all of the interest of the heirs in land lot 184,' it being contended that the description is vague and the deed conveys nothing;" and upon the further ground that "the description of the interest sought to be conveyed is different from the subject-matter of the suit at bar." There was no merit in either of these objections. The plaintiff had already introduced, as a part of its chain of title, a deed from Alexander Pharr to James F. Seavey, and sought by these deeds to show title out of Seavey, through his heirs at law, into Grant, as another link in its chain. The deeds clearly described the lot of land to which they referred, and they conveyed all the interest of the grantors therein. This was sufficient so far as the admissibility of the deeds in evidence was concerned. Whether the grantors were the heirs at law of James F. Seavey or not, and, if so, what their respective interests in the land were, could be shown by other evidence. When one conveys all his interest in described land, his interest therein, whatever it may be, passes; and the deed is admissible in evidence for the purpose of showing this. What his interest in the land was, at the time the deed was executed, may be shown by other evidence, the value of the deed as evidence upon a question of title depending upon proof of such interest.

14, 15. Certain deeds purporting to convey definitely defined interests in this lot of land, such as "one fourth interest" and "one sixteenth interest," were objected to by the defendant upon the ground that the description was "so vague and indefinite as to be void," which objection the auditor properly overruled, as there

was not even the semblance of merit in it. We do not see how the description of a fractional interest in land could have been more accurate. Another objection to the admissibility of these deeds was, that they purported to convey described interests in the land, while the defendant was sued only for the exposed granite in the land. As the greater includes the less, the plaintiff could show title to the granite by showing an unrestricted title to the land which contained it.

16. There are a number of exceptions, some of law and some of fact, filed by the respective parties in this case, which can not be considered, for the reasons stated in the sixteenth headnote, which needs no discussion or elaboration. All of the defendant's exceptions of fact fall within the rule there laid down, save perhaps one, wherein it was alleged that there was no evidence to support a certain finding of the auditor, and this one was properly disapproved because there was such evidence. The plaintiff's exceptions of fact were few, and most of them presented questions made in its exceptions of law which are dealt with in this opinion ; the others are disposed of in the headnote mentioned above.

17–19. The plaintiff introduced a certified copy of the entire record in an equitable action brought by Thomas J. Wesley, as administrator of Lemuel P. Grant, under whom the plaintiff claimed, against various parties, in which equitable proceeding the plaintiff claimed that his intestate owned an undivided one-half interest in the exposed granite on this lot of land; that certain of the defendants claimed to own different interests in this granite, while others set up claims as lessees thereof; that there was pending litigation between some of the parties in reference to the property, etc. The petitioner prayed that the interests of the different parties in the property be ascertained and settled; and that pending the proceeding the other litigation referred to be enjoined, and all the defendants be enjoined from quarrying granite upon this lot. By consent of all the parties to the case, a receiver for the property was appointed and authorized to collect the rents, etc., and the case was referred to an auditor. The auditor made his report, the findings therein being made by the consent and agreement of all the parties. He found how the title was to be decreed to be vested, finding different specific fractional interests therein in favor of various parties. It was adjudged that

the property could not be divided in kind and should be sold by the receiver. Upon consent of all the parties, the findings of the auditor were confirmed, and the title was decreed to be as set out in his report, and the property was ordered sold by the receiver and the proceeds divided. The property was thus sold and the receiver filed his report and was discharged. After introducing this record, the plaintiff offered in evidence a deed made by the receiver to the plaintiff, in pursuance of this sale. The defendant objected to the admission of this deed, upon various grounds, which were overruled by the auditor and the deed admitted in evidence as part of the plaintiff's chain of title. This ruling of the auditor was alleged to be erroneous in one of the defendant's exceptions of law. One of the objections to the admissibility of the deed was, that the description therein was vague, indefinite, and uncertain. We have been unable to find a copy of this deed in the record, and so do not know what the description was. We will say, however, that if, as we suppose, the property conveyed was described as the exposed granite on this particular land lot, the description would seem to be sufficiently definite and certain. Another objection was, that a receiver can not sell land held adversely, but must first obtain possession; and still another was because Wesley bid off the land at the receiver's sale and transferred his bid to the Collinsville Granite Company, the plaintiff in the present case, and that he, being the administrator of Grant, had no authority to bid at a sale of his intestate's property. The auditor was right in holding that the question of the right of Wesley to bid at a judicial sale of property wherein his intestate's estate owned an interest could be raised only by heirs at law or creditors of such intestate; and that the deed was not void and could not be collaterally attacked on this ground by the defendant. At the time that this deed was offered in evidence it did not appear that the receiver was not in possession of the property at the time that he sold it; presumably he was. It may have appeared, from evidence subsequently introduced by the defendant, that the receiver was not in possession of all of the property; but even if this had appeared when the deed was offered, it would not have been sufficient to exclude it from evidence. For as all the parties to the consent decree under which the receiver was directed to sell the property were bound

by the sale, whether the receiver had possession of the whole of the property or not, the purchaser at such sale acquired whatever interest, if any, they respectively had in the property, and the receiver's deed was admissible for the purpose of showing this. For the reason just given, there was no merit in the objection that this deed was not admissible because the defendant in the present case was not a party to the litigation which resulted in the consent decree under which the property was sold by the receiver. The defendant, of course, was not bound by such sale, and the deed was not offered in evidence for the purpose of showing that he was, but merely for the purpose of showing that the plaintiff had acquired whatever title the parties to this consent decree had.

20–22. The rulings announced in the 20th, 21st, and 22d headnotes need no discussion.

23. The plaintiff offered in evidence an affidavit made by W. H. Braswell Sr., under whom the defendant claimed, on August 4, 1888, wherein he deposed that he was the owner of "part of land lot No. 184 in the 16th district of DeKalb county, except the rock or granite;" that ninety acres of the same he purchased from Simeon Wheeler; "that it was sold to Wheeler as part of the estate of John Boyd, deceased, by D. T. White, administrator, and the remainder, about 32 acres, the widow's dower, deponent bought himself also as part of John Boyd's estate at administrator's sale. All of which he has owned and been in possession of for more than 25 years without let or hindrance from any person or persons, and during that time no one has exercised or appeared to exercise any possession of the rock or granite on the lot of land until the time of Mr. Collins within the last few years." The defendant objected to this affidavit, on the grounds, that Braswell was dead, and "that the affidavit was used in another litigation, to wit, the lawsuit in DeKalb county filed in 1888; which objection the auditor overruled, and admitted said affidavit in evidence." It is apparent that there was no merit in the exception to this ruling of the auditor. The affidavit was evidently offered for the purpose of showing that while Braswell was in possession of the land in question he admitted that he did not own the granite interest therein and had never exercised any possession over the same. Clearly the affidavit was admissible for this purpose, whether the affiant was

dead or not, and whether the defendant was or was not a party to the litigation in which the affidavit was used.

24, 25. A rather singular exception of the defendant was, that the auditor erred, as matter of law, in the following findings and rulings, to wit: "In addition to the evidence as set out in the brief, the auditor, at the request of both parties, visited the property and walked over and inspected the same. This personal inspection had considerable influence on the mind of the auditor in arriving at the conclusion and recommendation he hereinafter makes. He represents to the court that, in his opinion, much of the evidence and practically all of the objections to the introduction thereof play a very unimportant part in a proper adjudication of the question submitted." We do not see how a party can object to the impression made on the mind of an auditor by a personal inspection of the property in dispute, when such party requested the auditor to make such inspection. The statement of the auditor, after this inspection, in his report, that, "in his opinion, much of the evidence and practically all of the objections to the introduction thereof play a very unimportant part in a proper adjudication of the question submitted," certainly was not a finding by the auditor for or against either party. It was no finding at all, but a mere statement of a reason for findings which he did make. If any of his findings were wrong because contrary to the evidence submitted, they could have been excepted to on this ground. If he erred in excluding or admitting evidence offered, the way to test the correctness of such ruling was by proper exception thereto. We do not see how any practical result would have been accomplished even if the court had seriously entertained and sustained this novel exception, as the setting aside of this statement of the auditor would not have changed a single real finding that he made.

26. The auditor's finding as to the particular portion of Pine Mountain which was recoverable by the plaintiff, as exposed granite, was excepted to by the defendant, as being without evidence to support it. There was considerable evidence upon the subject, and the finding can not be said to be without evidence to support it. The sufficiency of the evidence to support this finding was a question for the court below; in passing upon the

exception, and the judge did not abuse his discretion in over-
ruling this ground of the exception.  Another ground of this ex-
ception was that one of the boundary lines as designated in the
finding of the auditor •was indefinite, uncertain, and impossible to
locate, but which boundary line was thus referred to was not in-
dicated, and this was a sufficient reason for not sustaining the
exception on this ground.  The exception should have clearly
pointed out the boundary line which needed revision.

27. Two of the exceptions of the plaintiff, the Collinsville
Granite Company, were framed upon the theory that the deed from
Boyd's administrator to Wheeler and the deed from the latter to
Braswell conveyed only the arable and cultivatable land, and
therefore that the auditor erred in not finding certain designated
portions of the land which the evidence showed, and the auditor
found, were not suitable for cultivation, but upon which the gran-
ite was not exposed, to be the property of the plaintiff.  This was
an erroneous theory.  The suit was only for the recovery of the
"exposed granite," and, as we have seen, these deeds conveyed
everything except the granite, and whether any particular portion
of the surface soil, such as that upon a steep mountain side, was
arable and cultivatable or not, these deeds embraced and conveyed
it, and the owner of the granite would have no right, without the
consent of the surface owner, to remove the soil and the vegeta-
tion growing therein, for the purpose of getting at and quarrying
the granite, but would have to wait until such time as the un-
derlying granite should become exposed.  In one of these excep-
tions a finding of the auditor in reference to the portion of Pine
Mountain recoverable by the plaintiff is alleged to have been er-
roneous, because the auditor had previously found that under the
deed from Wheeler to Braswell it was the arable and cultivatable
land which passed to the grantee, and the evidence showed that
no part of this mountain was arable and cultivatable.  If the au-
ditor had expressly found that this deed conveyed only land
which was suitable for cultivation, his finding, for reasons which
we have already stated, would have been erroneous; but we think
it is clear from his report that he did not intend to so find.  He
construed the deed from Boyd's administrator to Wheeler and the
deed from Wheeler to Braswell as follows:   "In construing
these deeds, as matter of law, the auditor holds that all the arable

and cultivatable land passed to the grantees therein mentioned; but that the exposed granite on this lot of land was reserved to the grantors, their heirs and assigns; he holds that this reservation is good, and that the same is not inconsistent with the terms of the grant in each deed. But in so holding he expressly rules that the true intention and meaning of the parties was to reserve only such granite as was exposed at that time." Clearly, construing this finding in its entirety, it confined the exception in each deed to the granite which was exposed at the time the deed was executed and used the terms "arable and cultivatable" as descriptive of land where the granite was not then exposed. So this finding of the auditor was not inconsistent with his subsequent finding that the portion of Pine Mountain which he found was "still covered with earth and soil on which trees are now growing" was not recoverable by the plaintiff.

28. Error is assigned, in the bill of exceptions of the plaintiff, upon the decree of the court, upon the ground that the amount of the recovery in favor of the plaintiff for mesne profits embraced therein is less than the evidence before the auditor authorized. It is obvious that there is no merit in such an assignment of error. The decree followed the finding of the auditor upon the facts disclosed by the evidence, the exception to which finding was disapproved by the court, and the decree can not be changed without first changing the finding upon which it was based. One might as well undertake to set aside or change a judgment rendered upon the verdict of a jury, upon the ground that it was contrary to the evidence, without first setting aside the verdict, as to undertake to set aside or alter a judgment or decree rendered upon an auditor's report, upon the ground that such judgment or decree is contrary to the evidence which was before the auditor.

29. The decree enjoined the plaintiff "from interfering with granite awarded the defendant," and this is excepted to and assigned as error, "for the reason that there was no evidence to show that plaintiff was threatening to" so interfere, or that the damage arising from such interference would be irreparable, or that the plaintiff was insolvent; and for the further reason that "the nature of the interference referred to was not described, and the terms thereof were too general." The decree provided, that the defendant "be and is hereby enjoined from quarrying stone

upon any of the property described in the auditor's report and awarded by said report and this finding to the plaintiff, and that the plaintiff be enjoined from interfering with granite awarded defendant." The court simply placed the parties upon equal terms; it enjoined each from trespassing upon the property of the other; and the plaintiff who invoked this relief against the defendant is in no position to complain that the court, when granting it, also granted like relief to the defendant.

The decision in this case has been necessarily limited to and controlled by the exceptions which were properly made to the report of the auditor.

*Judgment reversed upon the bill of exceptions of the plaintiff, and affirmed upon that of the defendant. All the Justices concur, except Simmons, C. J., absent, and Lumpkin, J., not presiding.*