WILKES, administrator, *v.* GROOVER *et al.*

1. An owner of land conveyed it by warranty deed to his grandson, upon the expressed consideration of natural love and affection "and in consideration of support and maintenance of the said [grantor] and his wife." The deed contained this clause: "It is further provided herein that should the said [grantee] voluntarily refuse and fail to care for and maintain the said [grantor] and his wife, that that fact will cancel, annul, and void this deed." *Held,* that the provision as to avoidance created a condition subsequent.

2. The grantor having survived his wife, if the grantee did not comply with the condition as to maintenance, the grantor had the right to enter and repossess himself of the land, if he saw fit to do so. But he could waive such right; and if he accepted such partial support as was given as being a compliance and waived a forfeiture, after his death his administrator could not recover the land from the grantee.

3. The exceptions as to failure to charge, in the absence of requests, are without merit.

4. An exception that the court did not rule out certain evidence, without showing what objection was made thereto when offered, furnishes no ground for reversal.

5. Where a deed was made which contained the provision stated in the first headnote above, and after the death of the grantor his administrator filed a petition against the grantee, alleging that the latter had voluntarily failed and refused to care for and maintain the grantor and his wife, and seeking to have the deed canceled and to recover possession of the premises with mesne profits and damages on account of the cutting and removing of timber therefrom, the grantee was not a com-

petent witness to testify as to what care and maintenance he had furnished to the grantor.

JULY 11, 1912.

Equitable petition. Before Judge Sheppard. Liberty superior court. August 4, 1911.

*L. L. Thomas* and *Hines & Jordan,* for plaintiff.

LUMPKIN, J. 1, 2. The provision contained in the deed, and which is set out in the first headnote, created a condition subsequent, not a limitation. *Shannon* v. *Fuller,* 20 *Ga.* 566; *Moss* v. *Chappell,* 126 *Ga.* 196 (54 S. E. 968) ; Civil Code, § 3717. If the grantee voluntarily failed or refused to comply with such condition in the deed, the grantor had a right of re-entry for condition broken. He was not obliged to declare a forfeiture or to re-enter. The evidence tended to show at least some degree of care and maintenance furnished to him and his wife. If it was not a full compliance with the obligation resting upon the grantee, the grantor could, if he chose, accept it as a sufficient compliance and waive the forfeiture. It can not be declared, however, as an arbitrary rule that the mere failure of the grantor to re-enter or to bring suit before his death amounted to a waiver. By way of illustration, if in such a case the grantor became insane or imbecile, or was upon a lingering bed of sickness before his death, his failure to take action might not evidence an intention to waive a breach of the condition. The mere fact that the grantor did not bring suit before his death is not conclusive evidence of a waiver. But if he did waive any breach of condition that might have existed, his waiver would bind his administrator and his heirs. If he did not waive any breach of the condition which may have existed, the right of re-entry or recovery would survive him.

3, 4. The third and fourth headnotes need no elaboration.

5. The action was brought by the administrator of the deceased grantor against the grantee. The basis of it was that the grantee had voluntarily failed to supply the care and maintenance for which he was obligated under the terms of the deed, and had thus committed a breach of the condition subsequent contained therein. The grantee was allowed, over objection, to testify in substance that he had complied with the obligation, and to give various instances in which he had furnished such care and maintenance to the grantor. This was error. *Parker* v. *Ballard,* 123 *Ga.* 441 (51 S. E. 465) ; Civil Code, § 5858, par. 1; Acts 1900, p. 57. The fur-

nishing of care and maintenance by the grantee to the grantor was a transaction between the two. The grantee was no more competent to testify to this than if the question had been whether he paid the grantor a pecuniary consideration. The distinction between transactions with a deceased person and independent facts in no way involving transactions with such persons is pointed out in *Nugent* v. *Watkins,* 129 *Ga.* 382 (58 S. E. 888). The code provision just referred to must be considered in connection with the act of 1900, supra.

The decision in *Horton* v. *Smith,* 115 *Ga.* 66 (41 S. E. 253), in no way conflicts with the ruling now made. In that case the grantor in a deed brought a suit against the administrator of the grantee to recover damages for an alleged violation of a contract to support the plaintiff. Pending the action the plaintiff died, and his administrator was made a party. Two of his children, who were not parties to the suit, though interested in the result, were held competent to testify that the defendant had not furnished support and maintenance to their father. This in no way involved any transaction between the defendant and the witnesses, but between the defendant and another person. The case arose prior to the act of 1900, and was not affected by it.

*Judgment reversed. All the Justices concur.*