SHEPHERD *et al. v.* TENNESSEE CHEMICAL COMPANY.

ATKINSON, J. 1. A deed to land, omitting formal parts, so far as necessary to be stated was as follows: "This indenture, made the 16th day of September in the year of our Lord one thousand nine hundred and five, between P. G. Shepherd of the County of Macon, . . and L. J. Shepherd in trust for his wife and their children, of the county of Macon, State of Georgia, parties of the second part, witnesseth that the said P. G. Shepherd, for and in consideration of the sum of five dollars, and natural love and affection, in hand paid at and before the sealing and delivery of these presents, . . has granted, bargained, aliened, conveyed, and confirmed, and by these presents do grant, bargain, sell, alien, convey, and confirm unto the said L. J. Shepherd, in trust as aforesaid [describing the land]; all of the above-described parts and parcels of land aggregating the total number of one hundred eleven and one half (111½) acres, more or less. The intention of this deed is that the said L. J. Shepherd shall hold all of said land during his natural life; then the title to vest in his heirs. To have and to hold said described lands, with all and singular the rights, members, and appurtenances thereunto appertaining, to the only proper use, benefit, and behoof of them, the said L. J. Shepherd, in trust as aforesaid, heirs, executors, administrators, and assigns, in fee simple; and the said P. G. Shepherd the said bargained lands described unto the said L. J. Shepherd, in trust as aforesaid, heirs, executors, administrators, and assigns, against the said P. G. Shepherd, his other heirs, executors, administrators, and assigns, shall and will warrant and forever defend by virtue of these presents." *Held:* Considering the paper in its entirety, and looking to the intention of the parties as expressed therein, the clause, "The intention of this deed is that the said L. J. Shepherd shall hold all of said land during his natural life; then the title to vest in his heirs," should not be construed as creating a life-estate in L. J. Shepherd. The clause is awkwardly expressed, but the word, 'hold,' as

employed, is compatible with holding as a trustee; and the word 'heirs,' as employed, may apply to the wife and children of L. J. Shepherd, the cestuis que trust named elsewhere in the deed. This construction will make the clause harmonize with the other portions of the instrument, and carry out the evident intent of the maker to convey the entire title in trust.

2. On the trial of a case in which an alleged life interest of L. J. Shepherd in the land had been levied upon, and a claim was interposed by his wife individually and as agent for their children, in which the controlling question depended upon a proper construction of the deed, it was erroneous to direct a verdict finding the property subject.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*

No. 73. November 17, 1917.

Claim. Before Judge Littlejohn. Macon superior court. November 4, 1916.

*J. J. Bull & Son,* for plaintiffs in error.

*Wallis & Fort,* contra.