## JOHNSON *v.* TULLIS.

1. Where the allegations of an equitable petition brought by the grantor, for the cancellation of a deed which contained a condition subsequent, showed a failure upon the part of the grantee to fulfil the condition, the petition stated a cause of action, and a general demurrer was properly overruled.

(a) A conveyance of property, wherein it is recited that the conveyance is made upon consideration that the grantee shall render certain services and perform certain acts beneficial to the grantor, and which contains the further stipulation that upon failure of the grantee to comply with such condition the deed shall be void, is a conveyance upon a condition subsequent, and the grantor may treat the failure upon the part of the grantee to perform the covenant for service as a forfeiture of the estate conveyed.

2. The evidence objected to in the case tended to establish the allegations of the petition showing a breach of the condition subsequent, and the court properly overruled the objection thereto.

3. In view of the construction of the deed given above, the court's charges to the jury, submitting to them the issue as to whether or nor there had been a breach of the condition, were proper and not open to the objection that the deed showed on its face that it was absolute, and that the court was unauthorized to submit the issue as to whether there had been a breach of the condition.

4. There was evidence to support the verdict in favor of the plaintiff.

No. 2430. NOVEMBER 16, 1921.

Equitable petition. Before Judge Cobb. Gwinnett superior court. January 12, 1921.

*O. A. Nix,* for plaintiff in error. *Kelley & Kelley,* contra.

BECK, P. J. M. S. Tullis brought an equitable petition seeking a decree for the cancellation of a deed which he had made to the plaintiff in error, to a tract of land and certain personal property. It is alleged in the petition that the consideration of the deed was an agreement upon the part of the defendant, John E. Johnson, "to take charge of your petitioner and his wife, whom he was to support, maintain, clothe, and board during their lives, and to treat petitioner and his wife kindly and gently during their lives and see after them in sickness." The failure to perform this agreement upon the part of the defendant, Johnson, is charged; and conduct that was the reverse of that stipulated in the agreement was also alleged. Petitioner prayed that the conveyance be canceled; and for other equitable relief. The defendant filed a general demurrer to the petition. The demurrer was overruled. He also filed a plea and an answer; and upon the issue thus made the case was tried, and the jury returned a verdict in favor of the plaintiff. The defendant made a motion for a new trial, which was overruled, and he excepted.

1. The court did not err in overruling the demurrer to the petition. The deed which the plaintiff sought to have canceled recited that for the consideration stated the property described in the conveyance was conveyed to the grantee. Following the description of the property is the recital in the deed of an agreement or covenant upon the part of the grantee, in the following language: "The said John E. Johnson does by these presents agree to take charge of the said M. S. Tullis and his wife and support them and maintain and pay all their doctors' bills, and see after them financially, clothe and board and sleep them; and the said Johnson binds himself, his heirs and assigns, upon the consideration of the above-described property, to support, maintain, board, clothe, and sleep the said M. S. Tullis and his wife for and during their natural lives, . . and does hereby agree to treat the said Tullis and his wife kindly and gently during their lives and see after them in sickness and treat them likewise. In the event the said Johnson, his heirs and assigns, fail to fill and perform and comply with the above stipulation

in the agreement, then this agreement becomes null and void." This is followed by a warranty clause. The attestation clause is as follows: " In witness whereof we, the said Tullis and the said John E. Johnson, have hereunto set our hands and seals the day and year above written." This was signed by the parties and duly attested.

While this instrument, a part of which is quoted above, is in form an agreement between the two parties, it is also a deed of conveyance upon the part of the grantor, Tullis. But it is a conveyance containing a condition subsequent. The recital that if Johnson fails to perform the covenant as to support, etc., " this agreement becomes null and void," introduces a condition subsequent. The deed is inartificially drawn. The word " agreement," as here used, we construe to mean the conveyance as well as the expressed undertaking upon the part of Johnson. And the stipulation that upon the failure of the grantee to comply with the covenant and to perform his undertaking, the deed shall become null and void, created a condition subsequent. In the case of *Wilkes* v. *Groover,* 138 *Ga.* 407 (75 S. E. 353), it was said: " An owner of land conveyed it by warranty deed to his grandson, upon the expressed consideration of natural love and affection ' and in consideration of support and maintenance of the said [grantor] and his wife.' The deed contained this clause: 'It is further provided herein that should the said [grantee] voluntarily refuse and fail to care for and maintain the said [grantor] and his wife, that that fact will cancel, annul and void this deed.' *Held,* that the provision as to avoidance created a condition subsequent." And in the case of *Jones* v. *Williams,* 132 *Ga.* 782 (64 S. E. 1081), it was said: " A deed from a grandfather to his granddaughter, which recites that the grantor, ' for and in consideration of work and labor done and of said duty upon her part this obligation is to be of full force and virtue, otherwise this deed to be and the above and foregoing to be null and void, the receipt whereof is hereby acknowledged, does hereby sell and convey unto the [granddaughter], her heirs and assigns,' a certain tract of land in fee simple, conveys an estate in fee on a condition subsequent." The court held, in the to be done, consisting of taking care and caring for the [grantor] for and during his natural life, upon the faithful performance

last case referred to, that the language quoted could only mean that the estate was granted on the condition that the grantee was to care for her grandfather during his life, and upon failure to perform this condition the estate was to become forfeited. See *Mayor &c.* v. *Brenau College,* 150 *Ga.* 156 (103 S. E. 164). Inasmuch as the deed in the instant case was one containing a condition subsequent and this was shown by the petition, the allegations of the failure upon the, part of the grantee in the deed to comply with the covenant imposing certain obligations upon him completed the cause of action; and the court did not err in overruling the general demurrer to the petition.

2-4. The rulings made in headnotes 2, 3, and 4 require no elaboration.

*Judgment affirmed. All the Justices concur, except Fish C. J., absent because of sickness.*