## OLIVER *v.* DANIEL.

JENKINS, Chief Justice. 1. Where a dividing line between coterminous owners is indefinite, unascertained, or disputed, the owners may by parol agreement duly executed establish the line, which line will control their deeds, notwithstanding the statute of frauds. *Hart* v. *Carter*, 150 *Ga.* 289, 290 (103 S. E. 457) ; *Robertson* v. *Abernathy*, 192 *Ga.* 694, 697 (16 S. E. 2d, 584). This rule can not be given necessary and conclusive application under the facts of this case, where according to the testimony of the plaintiff she agreed to be bound by the running of the line, on the theory and under the alleged statement of the other party that the lot would be equally divided, she, the plaintiff, to have the "east half" under her deed, and the defendant to have the "west half" under his deed; and that her temporary and brief acquiescence in the line as actually run was based on erroneous information that the survey had thus cut the lot in half. Accordingly, a verdict in favor of defendant was not demanded on this theory.

2. "Where a deed described the property conveyed as containing ninety acres, more or less, and being the north half of a designated lot of land, and it appeared that the land lot in question contained more than two hundred acres, the description by the number of acres should give way to that by the subdivision of the land lot." *Collinsville Granite Co.* v. *Phillips*, 123 *Ga.* 830, 831 (11) (51 S. E. 666).

3. Under the rule stated in the preceding division of the syllabus, the charge of the court with respect to the words "more or less," as set forth in the statement of facts, was calculated to influence the jury adversely to the rights of the plaintiff. This is true for the reason that, under the rule of law above stated, the plaintiff was entitled to the "east half" of the lot, containing 64 acres, more or less, and the defendant was entitled to the west half of said lot, containing 80 acres, more or less, and such a division of the lot into eastern and western halves, in the absence of any actual recognized and defined boundary

being approved by the jury, takes precedence over the estimated acreage as set forth in the respective deeds.

*Judgment reversed. All the Justices concur.*

No. 15787. APRIL 17, 1947.

*Shaw & Shaw,* for plaintiff.   *S. W. Fariss,* for defendant.