## 29582, CORLEY et al. v. PARSON.

HALL, Justice.

At issue in this appeal is the proper construction to be given certain language in a deed. The pertinent part of the deed is set out here, with the normal type representing the words of the printed form; the italicized words representing those handwritten; and the stricken words representing those printed words struck by the maker's pen.

". . . [P]arty of the first part . . . does grant, bargain, sell and convey unto the said party of the second part *his* heirs and assigns, all that tract or parcel of land [description follows] . . . *It is hereby understood and agreed between the party of the first part and the party of the second part that at the death of J. W. Johns* [grantee] *should he die first the above described lot of land is to revert to the estate of G. W. Johns the party of the first part.* To have and to hold the said bargained premises . . . [for the benefit of] the said party of the second part, *only so long as he lives* heirs and assigns forever, in fee simple."

This appeal follows the grant of summary judgment for the heirs of the grantee, in a suit brought by heirs of the grantor seeking to recover the land upon the termination of what they urge was grantee's life estate.

Under Code § 29-109 "If two clauses in a deed are utterly inconsistent, the former shall prevail; but the intention of the parties, from the whole instrument, should, if possible, be ascertained and carried into effect." See also, *Floral Hills Memory Gardens v. Robb,* 227 Ga. 470, 471 (181 SE2d 373); *Ward v. Ward,* 176 Ga. 849 (3) (169 SE 120).

We must first decide whether there is a repugnancy between the granting and the habendum clauses. See 8 EGL 584, Deeds, § 140 (1964). Examining first the former, it is apparent that the grantor created a fee simple in J. W. Johns, grantee, subject to the limitation that the estate should revert automatically to grantor[1] should J. W. Johns predecease him. See *Moseley v. Pattillo,* 162 Ga. 428

---

[1]The actual language of the granting clause refers to a reversion to the "estate" of the grantor, in the event

(134 SE 49). Because no act of intervention was required to terminate the estate, but the same was said to terminate automatically upon the happening of the stated event, this was a fee simple upon a limitation and not upon a condition subsequent (see *Franks v. Sparks,* 217 Ga. 117, 121 (121 SE2d 27)); but this distinction is unimportant here because the terminating event never occurred, the grantee outliving the grantor by some 30 years.

Turning to the habendum clause, the same is internally inconsistent, referring to grantee's holding the property "only so long as he lives," followed immediately by the words "forever, in fee simple." This confused statement is also inconsistent with the granting clause, the legal import of which is plain. Moreover, the intention of the maker should be ascertained from the whole instrument. *Shepherd v. Tennessee Chemical Co.,* 147 Ga. 365, 366 (94 SE 237); *Collinsville Granite Co. v. Phillips,* 123 Ga. 830, 841 (51 SE 666). The granting clause appears best to embody the intention of the parties gathered from the whole instrument, including the stated consideration of $400 for this land, which was one of two parcels of land grantor acquired earlier the same year at a sale before the courthouse door for a total consideration of $705.

Under both of the alternative commands of Code § 29-109, the granting clause prevails, and the superior court correctly determined that upon the non-occurrence of the limiting condition (that is, when grantee outlived grantor) grantee acquired a fee simple estate in the contested land. Therefore, appellants' motion for summary judgment was properly overruled and appellees' properly granted.

---

grantee predeceases grantor. Were we to give the word "estate" its usual technical meaning, the provision would be hopelessly inconsistent internally. The record contains no indication that this deed was drafted by an attorney, and the parties agree that aside from the scant indications now in the record, no extrinsic evidence of the parties' intent is available. Given these facts, we conclude that the word "estate" was not intended in its technical sense, but was used to mean "ownership."

*Judgment affirmed. All the Justices concur.*

SUBMITTED JANUARY 17, 1975 — DECIDED FEBRUARY 25, 1975.

*Strother, Hicks, Deming & Wallace, Glenn H. Strother, Crawford E. Hicks,* for appellants.
*Fudger & Foster, Arthur W. Fudger,* for appellees.