## 31926. HARDMAN et al. v. DAHLONEGA-LUMPKIN COUNTY CHAMBER OF COMMERCE.

UNDERCOFLER, Presiding Justice.

The developers, Hardman, Stuckey, and Hardman and Stuckey Travel Investment, Inc., appeal from the grant of partial summary judgment in favor of the Dahlonega-Lumpkin County Chamber of Commerce. On September 30, 1970, the Chamber of Commerce granted more than fifty acres in Dahlonega to the developers[1] for thirty-three thousand dollars and *"subject to the agreement* made by the above parties" on the same day. The habendum clause printed on the form deed recited that the grant was to the developers, "heirs and assigns, forever, in *Fee Simple."* (Emphasis supplied.)

The agreement provided that "The Seller and Purchaser agree that further good and valuable .considerations to be paid to the Seller by the Purchaser for the above described property are as follows:..." Thereafter a list of four items in furtherance of the development of the acreage for tourist purposes over a period of four years (1970-1973) was included. Only item 2 relative to 1971 is in issue in this litigation. It states: "2. During 1971, the Purchaser intends to use its best efforts to: a. build a new Gold Museum and expand the present Gold Panning Operation. b. begin construction on the Village Square as well as construction of a camping site with a capacity of a minimum of 100 camping spaces. c. spend a minimum of $200,000.00 on capital improvements . . . d. commence a motel feasibility study . . . *In the event the items shall not have been completed by July 1, 1972, title to the above described property will revert to the Seller;* Seller shall reassume the obligation to pay the note assumed by Purchaser hereunder and Purchaser shall have no further obligations and Liabilities under this Agreement." (Emphasis supplied.)

---

[1] The original deed was to Hardman and Stuckey, but on October 17, 1970, these defendants deeded the property to Hardman and Stuckey Travel Investment, Inc., subject to the same conditions.

It is under the provision emphasized above that the Chamber of Commerce brought its ejectment action on July 11, 1975. It claims that the reverter clause created a fee simple determinable and thus that the property reverted automatically when the developers breached these conditions on July 1, 1972. The Chamber of Commerce supported its motion for summary judgment with affidavits stating that the gold museum and campsites had not been constructed. The developers filed their affidavits in opposition the day following the hearing on the motion, but the trial court apparently considered them in granting partial summary judgment to the Chamber of Commerce. The trial court interpreted the reverter clause as having created a fee simple determinable. The developers appeal and we reverse. We conclude the instruments create a fee on condition subsequent and a genuine issue of material fact is raised by the affidavits as to whether or not there has been a breach of the contract provisions, which would give the Chamber of Commerce a right of entry, and, if so, whether there has been a waiver of that right.

1. The developers' first enumeration of error raises the question whether the trial court correctly awarded summary judgment. They state that the trial court "construed the facts before the court to be a breach of a conditional limitation."

The facts before the trial court were presented by affidavit. The Chamber of Commerce presented statements that there was no new gold museum on the property and that no campsites had been developed. In opposition, the developers introduced an affidavit of the manager of "Gold Hills" stating that the Sykes Stamp Mill at the site contained mining artifacts, and of a landscape architect opining that the development of the campsite would be impossible considering "the total development of the site, the terrain, the area necessary . . ., the standard of his profession and the ecological effects of such a project." The trial court apparently discounted the developers' affidavits as hearsay and opinion evidence.

We do not find the manager's affidavit subject to either of these defects, and, although the landscape

architect's affidavit may be considered opinion evidence, it is sufficient to oppose a motion for summary judgment. "[A] summary judgment cannot be obtained by a movant which rests entirely on opinion evidence [cits.]; albeit, a summary judgment may be successfully contested by use of opinion evidence. See *General Motors Corp. v. Wilson,* 120 Ga. App. 156 (169 SE2d 749) [1969]." *Equity Nat. Life Ins. Co. v. Shelnutt,* 128 Ga. App. 849 (3) (198 SE2d 350) (1973).

2. In their second enumeration of error the developers urge that the trial court improperly interpreted the contract and deed when such a determination should have been a jury question. We do not agree. The interpretation of the language in a deed and in a contract is generally a question of law for the court unless it is so ambiguous that the ambiguity can not be resolved by the ordinary rules of construction. *Davis v. United American Life Ins. Co.,* 216 Ga. 521 (118 SE2d 82) (1959). The plain intent of the instruments refutes the developers position that the reverter clause in the contract is ambiguous as to whether it refers only to the preceding subsection d. on the motel feasibility study or the entire item 2.

Furthermore, applying the rules that contemporaneous documents must be construed together (*Berger v. Mercantile Nat. Bank,* 231 Ga. 680 (203 SE2d 479) (1974); *Dyal v. Foy & Shemwell,* 159 Ga. 848 (126 SE 783) (1924)); that typed phrases control over printed phrases (Code Ann. § 20-704 (7); *Atlanta Baggage &c. Co. v. Loftin,* 88 Ga. App. 98 (76 SE2d 92) (1953)), and that the first of two contradictory clauses will prevail (Code Ann. § 29-109; *Corley v. Parson,* 233 Ga. 845 (213 SE2d 693) (1975)), there are no ambiguities for the jury to consider. It is clear that the deed incorporated the conditions in the contract and that a defeasible fee, rather than a fee simple absolute was intended. We reach the question of the kind of defeasible fee in Division 3, but suffice it to say for this enumeration that the trial court did not err in holding that the construction of the instruments was one of law for the court and not one of fact for a jury.

3. There remains, however, the question raised in Enumeration 3 whether the trial court correctly

applied the rules of construction in determining that the reverter clause created a determinable fee rather than a fee on condition subsequent. If the reverter clause creates a fee simple determinable, the possibility of reverter would have been automatically accomplished on July 1, 1972, by a breach by the developers (*Corley v. Parson,* supra; *Ga., Ashburn &c. R. Co. v. Johnson,* 226 Ga. 358 (174 SE2d 895) (1970); *Moore v. Wells,* 212 Ga. 446 (93 SE 2d 731) (1956)); if a fee on condition subsequent, the reversion, absent a waiver of the breach, would have occurred when the Chamber exercised its right of entry on July 11, 1975, by filing its action in ejectment (*City of Barnesville v. Stafford,* 161 Ga. 588 (131 SE 487) (1925); *Moss v. Chappell,* 126 Ga. 196 (54 SE 968) (1906)).

The applicable rules of construction are that the law favors the condition subsequent in order to avoid, where possible, a forfeiture, and that words of duration generally indicate a determinable fee while words of condition indicate a fee on condition subsequent. *Franks v. Sparks,* 217 Ga. 117 (121 SE2d 27) (1961). Reiterating the language here involved, "in the event that . . . , it will revert," and applying the above rules, we conclude that the language is conditional. Consequently we hold that the clause creates a fee on condition subsequent. *Franks v. Sparks,* supra; *City of Barnesville v. Stafford,* supra; *Plemmons v. Sharp,* 156 Ga. 571 (119 SE 532) (1923); *Johnson v. Tullis,* 152 Ga. 232 (109 SE 659) (1921); *Wilkes v. Groover,* 138 Ga. 407 (75 SE 353) (1912). A deed in *Johnson v. Tullis,* supra, pp. 233-234, containing similar language, was also so construed: *"In the event* the said Johnson [and heirs] . . . fail to . . . perform . . . then this agreement becomes null and void."[2] We have carefully reviewed the cases cited by the Chamber or Commerce, find them distinguishable, and not requiring a different result. It is clear from a reading of all these cases that the

---

[2] The language in the deed in *Ga. Ashburn &c. R. Co. v. Johnson,* supra, is distinguishable because the overall intent of the instrument appeared to be limitational rather than conditional.

language "it will revert" is not controlling. Compare *City of Barnesville v. Stafford,* supra; *Moss v. Chappell,* supra, with *Corley v. Parson,* supra; *Moore v. Wells,* supra. Therefore, the trial court erred in holding that the instruments created a determinable fee rather than a fee on condition subsequent.

4. In their fourth enumeration of error, the developers contend that the trial court erred in not exercising its discretion in considering their affidavits in opposition to the motion for summary judgment. The trial court found that the affidavits were filed too late. It did, however, consider them as is clear from the order entered and thus the developers have not suffered the alleged harm.

The trial court erred in granting partial summary judgment because fact questions remain on whether the developers breached the condition and on whether there was a waiver of the right of entry. Therefore the judgment must be reversed.

*Judgment reversed. All the Justices concur.*

ARGUED FEBRUARY 15, 1977 — DECIDED MARCH 2, 1977 —
REHEARING DENIED MARCH 17, 1977.

J. Allen Maines, F. T. Davis, Jr., Howard T. Overby, John A. Blackmon, Oliver & Walters, James M. Walters, for appellants.

*Richard W. Lay,* for appellee.