## 27540. DUNBAR v. GREEN et al.

UNDERCOFLER, Justice. This litigation involves a professional association known as the Sparta Medical Clinic, P.A. The pleadings show that the stock of the association is owned by three doctors in equal amounts. In acquiring his stock the defendant Dunbar gave a promissory note to each of the other two stockholders. These stockholders claimed the notes were delinquent and each filed suit thereon. The defendant in his third defense in each suit counterclaimed. He alleged that the plaintiffs without notice wrongfully terminated his employment with the Sparta Medical Clinic, P.A., as a senior physician on August 4, 1972; that this is part of a scheme to deprive and defraud the defendant of his employment and interest in the Sparta Medical Clinic, P.A., and to wrongfully appropriate the assets of said professional association; that the value of the stock in said association has been grossly understated and that the accountant who established its value was not independent and impartial as required by law; that in particular the accounting fails to include accounts receivable in excess of $100,000; that plaintiffs are wrongfully attempting to prevent defendant Dunbar from practicing medicine in Hancock County and at the Hancock Memorial Hospital in Sparta, Georgia.

The trial court granted the plaintiffs' motions for summary judgment as to defendant's third defenses and counterclaims. The defendant appeals from these judgments. The issues in each case are identical and have been consolidated on appeal.

The evidence in support of the motions for summary judgment consists of an affidavit by each of the plaintiffs and an affidavit by William S. Rozier, a certified public accountant. The plaintiffs' affidavits stated that the Sparta Medical Clinic, P.A., had discharged the defendant on August 31, 1971; that neither the articles of incorporation of said association nor the by-laws state a price at which the association or its shareholders may purchase

the shares of a retired or expelled shareholders; and that they have offered to purchase the defendant's share at its book value as determined by William S. Rozier, C.P.A., as of July 31, 1971. William S. Rozier's affidavit stated that he was an independent certified public accountant and had rendered services as such to the Sparta Medical Clinic, P.A., for the years 1970, 1971, 1972; that the books of said association are kept on a "cash" basis; that an entry of accounts receivable was made but this was always offset by a liability account entitled "deferred gross profit" so that accounts receivable never entered into the "net worth" calculations from which "book value" is determined; that at the time the defendant acquired his interest in Sparta Medical Clinic, P.A., the accounts receivable amounted to $134,430.64 but were not carried into the net worth; that the fixed assets of said association prior to the sale to the defendant was carried on the books as $18,824; that the parties agreed upon a value of $90,000; and to reflect this value, he entered on the books a non-depreciable item of $71,175.90 entitled "appraisal increment"; attached to his affidavit was the association's income tax return for 1970. *Held:*

In reviewing the grant of a motion for summary judgment, the question before this court is whether the allegations of the pleadings have been pierced so that no genuine issue of material fact remains. The defendant's third defense and counterclaim which was stricken by the trial court on motion for summary judgment alleges among other things that the plaintiffs have wrongfully conspired to defraud and deprive him of his employment and interest in the Sparta Medical Clinic, P.A., are wrongfully appropriating the assets of said professional association, and are wrongfully attempting to prevent him from practicing medicine in Hancock County and in the Hancock Memorial Hospital in Sparta, Georgia. None of the affidavits submitted in support of the motion for summary judgment addresses itself to these issues. These are gen-

uine issues of material fact. Accordingly, the court erred in granting the motion for summary judgment. In view of these rulings, we are unable to reach issues relating to the alleged wrongful termination of the defendant's employment by the professional association and the proper manner of evaluating his financial interest in the association.

*Judgment reversed. All the Justices concur.*

ARGUED NOVEMBER 13, 1972—DECIDED DECEMBER 4, 1972.

*Harrison & Garner, G. Hughel Harrison,* for appellant. *Cubbedge Snow, Louis H. Rozier,* for appellees.