## 47916. SHUMAN SUPPLY OF SAVANNAH, INC. v. SKINNER.

EVANS, Judge. Larry W. Skinner sued Shuman Supply of Savannah, Inc. for personal injuries. Plaintiff alleged that he was an invitee on the business premises of defendant as a customer to purchase building materials, and during this time he suffered injuries as a result of defendant's negligence. He alleges that an employee of defendant drove a forklift truck into him in a reckless, negligent and careless manner, thereby

causing his injuries; and that defendant negligently failed to use reasonable care to warn him of the dangers which defendant knew to exist upon his premises; failed to reasonably inspect the premises to discover dangerous conditions of which plaintiff was not aware; and failed to take reasonable precautions to protect him from dangers foreseeable from the use of defendant's equipment.

Motion for summary judgment was filed by the defendant based upon the pleadings and depositions of file. After hearing, the motion was denied. The appeal is from that judgment. *Held:*

Defendant contends that plaintiff, as a customer, had purchased building supplies and placed same in his car; and walked back into the warehouse to obtain some string or a flag to put upon his purchases; that plaintiff walked down an aisle past a parked forklift and went under or around the same to the rear of the warehouse; that plaintiff came out of the building by the same route, and struck his head on the parked forklift; that the forklift had not been moved during this sequence of events; that plaintiff had ducked under or gone around same while going into the premises; and that the forklift was clearly visible. However, an examination of the record does not disclose the evidence to be as simple as contended by the defendant. The deposition of an employee of defendant discloses that the warehouse was crowded; that he and plaintiff walked into the warehouse to obtain some string or flag to tie on the lumber purchased, and by the time they started back out the forklift was parked there in the way.

The evidence is conflicting, or not positive and definite, as to several important phases of the case. Plaintiff walked beside the employee down the aisles of the warehouse, or he walked behind said employee; plaintiff walked into the loaded blades of the forklift,

or the forklift struck plaintiff's head. No one actually saw plaintiff's head come in contact with the forklift. Defendant contends that plaintiff necessarily saw the forklift as he walked back into the warehouse, but there is no positive testimony on this subject, nor is there any positive testimony to show that the forklift was in exactly the same position as when plaintiff first walked past same; nor as to whether the view of plaintiff toward the forklift on the return trip was obstructed or clear; nor whether the blades were loaded at that time, or were at the same height as on the first trip.

This case is controlled by *Wakefield v. A. R. Winter Co., Inc.,* 121 Ga. App. 259 (174 SE2d 178), wherein this court held in a seven to two decision that issues of negligence, including the related issues of assumption of risk, lack of ordinary care for one's own safety, lack of ordinary care in avoiding the consequences of another's negligence and comparative negligence, are not ordinarily susceptible of summary adjudication whether for or against the plaintiff or the defendant, but same must be resolved by a jury.

The case sub judice is somewhat stronger in that here, the plaintiff was a customer who, although he had walked down the aisle of the warehouse, stacked with lumber, only a short time before; at the time of his injury he was returning, thus walking in the opposite direction, and he had never walked in the aisles of said warehouse *in that direction* before; and it is questionable as to whether he had seen the forklift on the first trip, when he passed near same. It thus remains for jury determination as to whether or not the evidence will show that by use of ordinary care plaintiff could have avoided the consequences to himself of defendant's negligence; and as to plaintiff's negligence in failing to see the forklift stacked with lumber prior to being hit by it or walking into it. See

*Hanchey v. Hart,* 120 Ga. App. 677 (171 SE2d 918).
*Judgment affirmed. Clark, J., concurs. Hall, P. J., concurs in the judgment.*
ARGUED FEBRUARY 8, 1973 — DECIDED MARCH 7, 1973.

*Kennedy & Sognier, John W. Sognier,* for appellant.
*Smith & Portman, Alex L. Zipperer, W. Lance Smith,* for appellee.