## 63097. GRIFFIN et al. v. BREMEN STEEL COMPANY, INC.

McMurray, Presiding Judge.

This action involves a wrongful death brought by the widow of the decedent and in a separate case by the administratrix of the estate of the decedent against the Bremen Steel Company, Inc., both seeking damages. In the wrongful death action seeking the full value of the life of the decedent the action was also brought against Southern Railway Company but for the purposes of this appeal it is no longer in the case.

The decedent died as the result of injuries received in a collision of a motorcycle he was driving which collided with a truck (tractor) driven by another, there being no actual contact with the vehicle owned by the defendant and driven by its agent and servant. Since the decedent did not die in the collision and sustained substantial medical expenses and pain and suffering as he lingered between life and death for some 30 days the action by the administratrix was for these damages.

Both actions were consolidated for the purpose of consideration of a motion for summary judgment filed by the defendant after considerable discovery.

For the purpose of summary judgment the plaintiffs contend that the defendant Bremen Steel Company, Inc. may be held liable for the injury and damages received including the value of decedent's life inasmuch as the defendant's servant and agent driving a tractor-trailer made a left turn from the northbound lane of Marietta Road (two lanes) to cross into a gravel lot located on the west side of said road. The defendant contends that the undisputed facts reflect that before making the left turn from the northbound lane of Marietta Road the defendant's driver and agent turned on the left turn signal of his vehicle, looked in a northerly direction, made a determination that for a distance of some 431 feet to a curve located in the road to the north no vehicles were in sight, proceeded to cross the southbound lane of said Marietta Road into or toward the gravel lot located on the west side of the road, that the motorcycle driven by the decedent did not appear in sight from the north until the front of defendant's vehicle was either across or almost across the southbound lane of the road and that the proximate cause of the collision which occurred was the speed of the motorcycle driven by the decedent estimated between 50-60 m.p.h. as it came out of the curve, the posted speed being 25 m.p.h. The decedent, seeing the truck in his path skidded the motorcycle for approximately 49 feet, swerved to the left apparently to avoid defendant's trailer blocking the road and struck the left rear wheels of a bobtailed tractor (without

trailer) which was proceeding north on Marietta Road behind defendant's tractor-trailer, which bobtailed tractor pulled to the right side of the road when he observed the possibility of the collision occurring. The decedent's motorcycle crossed the centerline and struck this vehicle. The driver of the vehicle following defendant's vehicle testified by deposition that after the decedent skidded the motorcycle for some 49 feet to avoid the crossing tractor-trailer (the trailer being approximately 40 feet long) he attempted to go around the tractor-trailer which resulted in the motorcycle sliding into the left rear wheels of his bobtailed tractor. He also testified that based upon his observation the decedent, as driver of the motorcycle, came around the curve at a speed at which he could not stop, the tractor-trailer being across the lane of traffic that decedent was traveling in, swerved the motorcycle to the left which went over the centerline laying down flat and sliding on its side.

After consideration of the consolidated motion for summary judgment based upon agreement of counsel the trial court determined it was meritorious, and same was granted in favor of the defendant Bremen Steel Company, Inc. Plaintiffs appeal. *Held:*

1. With reference to this case we are concerned here with the Uniform Rules of the Road, Code Ann. § 68A-402 (Ga. L. 1974, pp. 633, 657) and Code Ann. § 68A-604 (Ga. L. 1974, pp. 633, 664). Code Ann. § 68A-402, supra, has reference to a vehicle turning left in which the law states that the driver of a vehicle "intending to turn to the left . . . into an alley, private road or driveway shall yield the right-of-way to any vehicle approaching from the opposite direction which is . . . so close thereto as to constitute an immediate hazard." Code Ann. § 68A-604, supra, with reference to turning movements and required signals has reference to the proper position of the vehicle upon the roadway and requires that no person shall turn a vehicle into a private road or driveway, "unless and until such movement can be made with reasonable safety." This statute requires that appropriate and timely signals be given "continuously for a time sufficient to alert the driver of a vehicle proceeding from the rear in the same direction or a driver of a vehicle approaching from the opposite direction."

From the depositions and affidavits of the drivers of the tractor-trailer and of the bobtailed tractor it appears that the defendant's tractor-trailer crossing Marietta Road had given the proper signal and was proceeding slowly in making the turn. It is not questioned that a signal to make the left turn had been made. However, we are concerned here with the language of these two statutes as to whether or not the turning vehicle and the motorcycle approaching from the opposite direction were "so close thereto as to constitute an immediate hazard," and whether or not defendant's

driver could turn across the highway and said movement could be "made with reasonable safety." The depositions of the drivers of the tractor-trailer and the bobtailed tractor show the driver of the motorcycle was the decedent. It is the contention of the plaintiffs that the defendant's driver, as the result of making the left turn in front of the decedent who was proceeding southerly from the opposite direction, caused him to skid 49 feet, swerve to his left to avoid the tractor-trailer and strike the left rear wheels of the bobtailed tractor proceeding north on Marietta Road behind defendant's tractor-trailer and which bobtailed tractor had pulled off to the right side of the road to avoid the collision. The defendant contends, however, that the driver of defendant's vehicle turned on the left turn signals of his vehicle, looked in a northerly direction, determined that for a distance of some 431 feet to the curve in the road to the north there were no vehicles in sight; that he proceeded to make the left turn, crossed the southbound lane of Marietta Road toward the gravel lot located on the west side of Marietta Road, completed his turn without delay or hesitation and that he was across or almost across the southbound lane of Marietta Road when he observed for the first time the motorcycle driven by the decedent out of the right window of his cab, gave "it the juice" to get out of the way, heard the impact and did not know whether it had hit his trailer or what it hit, at which time he stopped his vehicle. Based on testimony disclosing these facts defendant maintains there was no genuine issue of material fact and in no way did these facts establish there was any negligence on the part of the defendant's driver.

2. On motion for summary judgment the movant has the burden of establishing the non-existence of any genuine issue of material fact and all doubts are to be resolved against the movant. See in this connection *Chapman v. St. Francis Hospital,* 156 Ga. App., 5, 6 (274 SE2d 62); *Kirk v. First Ga. Inv. Corp.,* 239 Ga. 171, 174 (236 SE2d 254). If there be any conflict in the evidence as to some material fact even within the testimony of the same witness the granting of a summary judgment is not proper. *Faircloth v. Plastic Clad Corp.,* 139 Ga. App. 444, 445 (228 SE2d 397). The defendant contends that since its driver had some 431 feet of unrestricted visibility, the speed limit was 25 m.p.h., and there was no oncoming traffic until defendant's driver was well into his turn there was no negligence in his making the turn in front of the motorcycle, hence in taking judicial notice of the speed of the motor vehicle under Code § 38-112 and such cases as *Cornett v. Agee,* 143 Ga. App. 55, 56 (237 SE2d 522), and *Cowan v. Georgia R. &c. Co.,* 52 Ga. App. 677 (184 SE 635), it was entitled to judgment as a matter of law in its favor. However, the case is based on opinion testimony that the motorcycle was traveling faster than the

25 m.p.h. limit. Also there are numerous discrepancies between the two eyewitnesses at the scene. For instance, the eyewitness driver of the second tractor (bobtailed without trailer) deposed that the eyewitness driver of the defendant's tractor could not have seen the motorcycle while turning because his vision of the same would have been blocked by the bulkhead on the trailer he was pulling, yet defendant's driver had deposed that he saw the motorcycle and gave "it the juice" so as to clear the roadway. Consequently, a jury could infer from the conflicting testimony that the driver did, in fact, see the motorcycle as he so deposed, but must have seen it before he turned as his view of the motorcycle may have thereafter been blocked by the bulkhead of the trailer attached to defendant's tractor. It was for a jury determination as to whether or not there was any traffic approaching when he crossed the centerline and as to the existence of a hazard. Where more than one inference can be drawn from evidence the duty of solving the mystery should be placed on the jury and not on the trial court as the party opposing the motion for summary judgment must be given the benefit of all reasonable doubts. See *McCarty v. National Life &c. Ins. Co.,* 107 Ga. App. 178, 179 (1) (129 SE2d 408), and *Holland v. Sanfax Corp.,* 106 Ga. App. 1, 4 (126 SE2d 442).

In addition to the above conflicts, the plaintiffs offered in response to the motion for summary judgment by affidavit and by deposition the testimony of a reconstruction expert who deposed that after reviewing all the facts and data (accident report, depositions, and affidavits) he was of the opinion the driver of the turning vehicle had clear vision for a distance in excess of 400 feet (although one of the other drivers had testified that the point in the curve where the motorcycle could be first seen was 65-70 feet), the maximum speed at which a motorcycle can negotiate the curve to the north of the collision site was 50 m.p.h. and the time for a truck to turn and clear the roadway would require no more than seven seconds, hence, in his opinion the statements in the affidavits of the drivers were incorrect and contrary to physical facts which could be proven scientifically, and from scientific analysis of the physical facts the motorcycle was established to be in clear sight of the driver "when or before he began to drive his truck across Marietta Road," and that the collision resulted directly from the actions of defendant's driver "in turning and blocking the southbound traffic lane of Marietta Road." This evidence is, of course, opinion testimony of an expert. Likewise, the testimony of the two drivers as to the speed of the motorcycle is also opinion testimony. A summary judgment cannot be obtained by a movant in a case such as the case sub judice which rests entirely on opinion evidence, but a summary judgment may be successfully

contested by the use of opinion evidence. See *General Motors Corp. v. Wilson,* 120 Ga. App. 156 (169 SE2d 749); *Equity Nat. Life Ins. Co. v. Shelnutt,* 128 Ga. App. 849, 851 (3) (198 SE2d 350); *Hardman v. Dahlonega-Lumpkin County Chamber of Commerce,* 238 Ga. 551, 553 (1) (233 SE2d 753). Further, as to the credibility of witnesses, this is a matter to be determined by the jury under proper instructions from the court. Code § 38-1805. If a witness be successfully contradicted as to a material matter, his credit as to the other matters shall also be for the jury. Code § 38-1806. Clearly, the credibility of the witnesses upon whose testimony the grant of the summary judgment depends, as well as the testimony of the expert here is for jury determination and not for the trial judge or this court. See *Raven v. Dodd's Auto Sales &c. Inc.,* 117 Ga. App. 416, 421 (3) (160 SE2d 633), and cits. As stated in *Massee v. State Farm Mut. Auto. Ins. Co.,* 128 Ga. App. 439, 443 (3), 444 (197 SE2d 459), the use of expert witnesses to reconstruct the sequence of events in motor vehicle collisions has now become commonplace, and the question of weight of such testimony and the credibility of same are to be determined by the jury. The jury is never bound by the opinion of an expert and may give it what weight that the jury determines it is entitled to receive. In the case sub judice issues of negligence, including the related issue of assumption of risk, lack of ordinary care for one's own safety, lack of ordinary care in avoiding the consequences of another's negligence and comparative negligence are ordinarily not susceptible of summary adjudication and same must be resolved by trial in the ordinary manner. *Wakefield v. A. R. Winter Co.,* 121 Ga. App. 259, 260-261 (174 SE2d 178). Based upon the conflicting testimony as to the material facts as well as the conflicting testimony created by the reconstruction expert the trial court erred in granting summary judgment in favor of the defendant.

*Judgment reversed. Quillian, C. J., and Pope, J., concur.*

DECIDED MARCH 5, 1982 —
REHEARING DENIED MARCH 23, 1982 —

*J. S. Hutto, Thomas J. Venker,* for appellants.
*A. Terry Sorrells,* for appellee.