## 66810. MORRIS et al. v. PULLIAM.

McMURRAY, Presiding Judge.

This is a wrongful death case. A pedestrian was killed when she was struck by an automobile in a rural area on a dark and rainy night.

There were no witnesses to the incident except the driver of the automobile. He contends that he never saw the victim prior to hitting her although he did recall seeing some sort of an object almost contemporaneously with the point of impact when something ran into the path of his car. He turned around at the first available location and discovered that he had struck a black woman.

The wrongful death action was filed by the children of the deceased against the driver, contending the sole and proximate cause of her death was due to the negligence of the defendant "in that he failed to keep a proper lookout in order to avoid striking a pedestrian," and that he negligently operated his vehicle in a manner that endangered human life and failed to maintain sufficient control of his vehicle to avoid injury to human life.

The defendant answered, admitting jurisdiction and that he was driving a vehicle on the date in question and did strike the pedestrian "knocking her a distance of approximately 49 feet from the point of impact" but otherwise denied all other averments of the claim contending that the sole proximate cause of the death of the deceased was her negligence in running or walking into the road at night in front of defendant's vehicle and under circumstances wherein the defendant could not avoid colliding with the deceased. In addition to this defense the defendant added another that the deceased was not in the exercise of ordinary care for her own safety.

After discovery including the deposition of the investigating officer, a state trooper, who testified as to the facts that the location of the incident was in a rural area occurring on a dark and rainy night in which the defendant was driving westbound and his investigation disclosed that the victim was struck by the left front fender and left side of defendant's car and he found no skidmarks or any evidence of the speed of the automobile, finding the body in the eastbound lane. He also deposed that the driver defendant had advised him he "was traveling at 45 to 50 miles per hour." He conducted a sobriety test on the defendant with negative results and did take a blood sample from the victim (deceased). He also testified that he interviewed a witness who advised him that he (witness) came along this section of road just prior to the incident and observed the victim "out in the road trying to wave cars down, trying to stop the cars," and she was actually in the road. The deposition of a state crime laboratory chemist was that he examined the ethyl alcohol content of a sample of blood he had routinely received purported to be that of the deceased, and the test disclosed same to be "in the amount of .36 grams percent" and that a level of .10 grams percent or higher raises the presumption of intoxication for driving purposes. He further testified hypothetically that a person characterized as a "social drinker," with the alcohol

content registering "at .36," the effect of such alcoholic content on that type of individual would be "the person would be passed out."

The defendant moved for summary judgment and after a hearing the trial court found that it was "plain and palpable that no other conclusion is permissible except the Defendant was not negligent," and granted the defendant's motion for summary judgment. Plaintiffs appeal. *Held:*

1. Generally, issues of negligence, and in particular the related issues of contributory or comparative negligence, assumption of the risk, lack of ordinary care for one's own safety and lack of ordinary care in avoiding the consequences of another's negligence and similar matters are not proper for summary adjudication. See *Wakefield v. A. R. Winter Co.,* 121 Ga. App. 259, 260-261 (174 SE2d 178); *Lockhart v. Beaird,* 128 Ga. App. 7, 9 (195 SE2d 292); *Shuman Supply of Savannah v. Skinner,* 128 Ga. App. 431, 433 (197 SE2d 152); *Griffin v. Bremen Steel Co.,* 161 Ga. App. 768, 772 (288 SE2d 874). Likewise, in order for a defendant to obtain summary judgment in his favor it is necessary that the defendant produce evidence which conclusively negates at least one essential element entitling the plaintiff to recover under any theory fairly drawn from the pleadings and the evidence. The plaintiff's pleadings must be pierced to show to the court that the defendant is entitled to summary judgment as a matter of law irrespective of any issues of fact with regard to other essential elements. See *Waldrep v. Goodwin,* 230 Ga. 1, 2 (1) (195 SE2d 432); *Dunbar v. Green,* 229 Ga. 829, 830-831 (194 SE2d 435).

2. We proceed to examine the evidence here in the light of the above principles and also to construe the evidence most favorably toward the party opposing the motion as we must. See *Holland v. Sanfax Corp.,* 106 Ga. App. 1, 4 (126 SE2d 442); *Sellers v. Wolverine Soap Co.,* 19 Ga. App. 295 (1) (91 SE 489); *McCarty v. Nat. Life &c. Ins. Co.,* 107 Ga. App. 178, 179 (1) (129 SE2d 408). Further, summary judgment cannot be obtained by a movant in a case of the nature of the case sub judice and which rests entirely on opinion evidence, but a summary judgment may be successfully contested by the use of such opinion evidence. See *Griffin v. Bremen Steel Co.,* 161 Ga. App. 768, 771-772, supra, and cases cited therein.

Defendant contends by affidavit that he was traveling at a speed of 35 to 40 m.p.h., or less, due to a malfunction of the transmission in his automobile, yet the testimony of the trooper in his deposition was that the defendant told him he was traveling at 45 to 50 m.p.h., and this testimony is conflicting and all of this testimony involves opinion testimony as to the speed of the vehicle. The defendant testified that he was looking straight ahead prior to striking the victim and did not see her until almost contemporaneously with the point of impact.

The investigating officer testified that the point of impact (apparently determined by his investigation and observation of the defendant's motor vehicle) was the left front fender and left side, finding the body of the deceased in the eastbound lane. The logical assumption from this testimony would be that the victim was positioned or standing on about the centerline of the highway at the time of impact, but the jury must apply logic to the facts disclosed. The investigating officer found no skidmarks at the scene to indicate that the defendant had done anything to avoid striking the victim by braking or swerving to avoid her. The officer also testified by deposition that he interviewed another witness who advised him that the victim shortly before being hit was out in the road trying to wave cars down. There is evidence, by affidavit of a witness, that on the date in question in the early evening "a man came to my door and asked if he could use my telephone that he had struck a black woman with his automobile . . . [and] that he thought he had hit a deer but that he discovered it was a woman instead." In addition, there is expert opinion testimony by a crime laboratory chemist that the blood analysis of a blood sample taken from the victim showed it was positive for ethyl alcohol "in the amount of .36 grams percent" and hypothetically expressing his opinion that for the average social drinker registering "at .36," the person would be "passed out." The case is somewhat similar to the pedestrian tort cases of *Southland Butane Gas Co. v. Blackwell,* 211 Ga. 665 (88 SE2d 6) (in which the Supreme Court held the evidence demanded a verdict for the defendant in reversing the Court of Appeals in *Southland Butane Gas Co. v. Blackwell,* 91 Ga. App. 277 (85 SE2d 542)); and *Strickland v. Doran,* 130 Ga. App. 396 (203 SE2d 567) (a summary judgment case). In construing the evidence here more strongly against the movant the evidence does not demand a finding that the defendant kept a proper lookout in order to avoid striking a pedestrian (another driver having observed her shortly before in the middle of the road and did not strike her), or that he had operated the vehicle with sufficient control to avoid injury to human life. Further, the testimony is in conflict as to his speed at the time and we have no positive evidence except the conflicts of what the driver told others and his direct testimony and expert opinion, from which evidence a jury might logically assume the victim was either running, standing or lying somewhere in the road. As the evidence here must be based upon opinion testimony as well as conflicting testimony, including that of the defendant's speed at the time of the collision, jury issues remain for determination. See *Malin v. Jaggers,* 134 Ga. App. 806 (216 SE2d 666); *Griffin v. Bremen Steel Co.,* 161 Ga. App. 768, 770-772 (2), supra.

*Judgment reversed. Shulman, C. J., concurs. Birdsong, J., concurs in the judgment only.*

DECIDED OCTOBER 17, 1983.

*James L. Cline, Jr., Peter J. Rice., Jr.,* for appellants.
*E. Freeman Leverett, Cynthia G. Weaver,* for appellee.