### 73708. SMITH v. COLLINS.
(356 SE2d 530)

SOGNIER, Judge.

Marilyn Rochelle Smith brought suit against her landlord, Gloria Collins, to recover damages she suffered when she stepped into a bed of fire ants while mowing the lawn at the leased premises. The trial court granted Collins' motion for summary judgment and Smith appeals.

We affirm the trial court's grant of summary judgment to appellee. It is uncontroverted that appellant was aware of the presence of fire ant beds in the yard and indeed had suffered a similar injury while mowing the grass three months prior to the injury precipitating the instant action. Thus, there is no question of fact that appellant possessed equal, if not superior, knowledge of the fire ant hazard. "It has often been held that the true basis for a landlord's liability to a tenant for injuries resulting from a defective or hazardous condition existing on the premises is the landlord's superior knowledge of the condition and of the danger resulting from it. [Cits.] This is merely a manifestation of the general rule regarding the liability of proprietors for injuries to invitees occurring on the premises. [Cits.]" *Richardson v. Palmour Court Apts.*, 170 Ga. App. 204, 205 (316 SE2d 770) (1984). Appellant's arguments concerning the dispute over which party was to mow the grass are not relevant here, for even assuming it was appellee's duty to cut the grass, appellant was not relying on assurances from appellee that the defect would be repaired "any day," thus distinguishing *Richardson*, supra, nor was she forced to assume the risk because there was no other means of ingress or egress, thereby distinguishing *Hull v. Mass. Mut. &c. Ins. Co.*, 142 Ga. App. 269 (235 SE2d 601) (1977). Accordingly, summary judgment was properly granted to appellee. *Lindsey v. Housing Auth.*, 181 Ga. App. 814 (354 SE2d 13) (1987).

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED APRIL 7, 1987.

*Thomas F. Jarriel*, for appellant.

*Cubbedge Snow III*, for appellee.