74813. JENKINS v. STOREY TRUCKING COMPANY, INC. et al.
(362 SE2d 466)

Sognier, Judge.

Geraldine Jenkins instituted a wrongful death action against Storey Trucking Company, Inc. (Storey) to recover damages resulting from a collision between the automobile operated by her husband, Bennie Lee Jenkins, and a tractor-trailer truck owned by Storey and driven by David Hugh Young. Storey's liability insurance carrier, United States Fidelity and Guaranty Insurance Company, was joined as a party pursuant to OCGA § 46-7-12. The trial court granted summary judgment in favor of Storey and its insurer, and Jenkins appeals.

The record reveals that Storey's truck was approaching the interchange between Interstates 20 and 285 when the Jenkins car overtook it on the interchange. The car then moved across the interchange as if to merge back onto Interstate 20, skidded on some uneven gravel in the median area between the interchange and Interstate 20, and went out of control, ending up at impact on the interchange in front of and broadside to the truck. Young's uncontroverted testimony was that he was traveling no more than the speed limit and braked hard to avoid hitting the car, but was unable to prevent the collision. The police report in the record shows that citations were issued to Jenkins for driving under the influence as well as no proof of insurance and crossing the median. Jenkins was taken to the hospital from the scene and subsequently died as a result of his injuries.

1. Appellant contends the trial court erred by granting summary judgment to appellees because the issue of whether Young was negligent must be decided by a jury. We do not agree. "Although negligence cases are not frequently susceptible to final adjudication by motion for summary judgment, nevertheless, in cases of plain, palpable and indisputable evidence, summary judgment may be awarded. [Cits.]" *Tallman Pools of Ga. v. James*, 181 Ga. App. 341, 342 (352 SE2d 179) (1986).

We find our holding in *Fort v. Boone,* 166 Ga. App. 290 (304 SE2d 465) (1983), although a physical precedent case, to be persuasive here. *Fort* was a wrongful death action arising from an automobile accident in which this court held that summary judgment was improperly denied to the defendant because "[t]here was no evidence showing lack of negligence on the part of [the plaintiff] and there was no factual establishment of probable negligence on the part of [the defendant]." Id. at 291. We are not persuaded by appellant's argument attempting to distinguish *Fort* on the basis of the different paths traveled by the vehicles. The exact position of the vehicles was irrelevant to our decision in *Fort.* Rather, we held that summary judgment was proper because the defendant there had met its burden of producing evidence which "conclusively negates the essential elements entitling the respondent to recover under any theory that may be drawn fairly from the pleadings and the evidence. [Cits.]" Id. There is evidence in the record which tends to show negligence on the part of appellant's decedent, to wit, the police reports charging him with driving under the influence and crossing the median. In addition, contrary to appellant's assertion, she had put forth no probative evidence showing negligence on the part of appellees. The only witness testifying about the accident was Young, and his deposition testimony establishes that he did all he could do to avoid the accident. Under these circumstances, we find that *Fort v. Boone,* supra, is applicable.

*Lynch v. Broom,* 158 Ga. App. 52 (279 SE2d 302) (1981), (overruled on other grounds by *Chadwick v. Miller,* 169 Ga. App. 338, 344 (1) (312 SE2d 835) (1983)), relied on by appellant, is distinguishable in that *Lynch* concerned the rule involving "leading" and "following" vehicles, and the requirement that both vehicles must be driven with ordinary care. In the case sub judice, we have neither "leading" nor "following" vehicles, and in the absence of any evidence showing appellee's negligence and the presence of evidence showing negligence on the part of appellant's decedent, we agree with the trial court that appellees have satisfied their evidentiary burden so as to support an award of summary judgment. The trial court did not err by granting summary judgment to appellees on the issue of negligence.

2. Appellant also contends the trial court erred by granting summary judgment in favor of appellee because Young's testimony about his speed was conflicting, thereby creating an issue of fact for the jury. The record shows that Young testified that he was not sure exactly how he determined that he was traveling at about 50 mph, and later testified that he had looked at his speedometer when the Jenkins vehicle passed him. We do not agree that this testimony is conflicting or contradictory since at all times Young maintained that his speed when Jenkins passed him was approximately 50 mph. Further, even were we to find that Young's testimony is contradictory on this

issue and construe it unfavorably to appellees because no reasonable explanation for the conflict was offered, see *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27, 30 (2) (343 SE2d 680) (1986), we agree with appellees that neither statement by Young regarding how he estimated his speed results in a construction which assists appellant. Whether Young is not sure how he estimated his speed, or whether he determined his speed by glancing at his speedometer, his testimony is unequivocal that he was traveling at approximately 50 mph, which was under the posted speed limit, when the Jenkins vehicle passed him. Thus any conflict does not change the fact that even construing the evidence in the light most favorable to her, appellant has not shown any negligence attributable to appellees. Appellees have negated that essential element required for appellant to prevail, and the trial court properly granted summary judgment in favor of appellees. See generally *Tolbert v. Tanner*, 180 Ga. App. 441, 444 (2) (a) (349 SE2d 463) (1986).

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED OCTOBER 29, 1987.

*Robert C. Semler, Neal C. Scott*, for appellant.
*George E. Duncan, Jr.*, for appellees.