## 77241. BROWN v. RFC MANAGEMENT, INC.
### (376 SE2d 691)

BIRDSONG, Chief Judge.

Appellant/plaintiff, Wendy Sue Brown, filed this action against her landlord, RFC Management, Inc., following her fall down a flight of steps in the apartment building where she rented an apartment. Brown alleged in her complaint that RFC failed to keep the premises in repair or perform regular maintenance, and as a result there existed hazardous defects in the lighting and carpeting in the common areas in her apartment building. On January 24, 1984, Brown was using the stairway to go to and from her apartment and the basement to use the washer and dryer. She had taken her clothing to the basement and placed them in the washer and returned to her apartment. After a short period of time, she returned to the basement and removed her washing and placed it in the dryer and returned to her apartment. Allowing sufficient time for drying, Brown again returned to the basement, removed her clothing from the dryer, placed them in her laundry basket and started ascending the stairs. On the way up the stairs, she slipped and fell to the bottom of the stairwell and was injured. There was no light illuminating the stairwell, and the carpeting was threadbare and fit loosely to the stairs. Brown could not say what caused her to slip and fall. RFC moved for and was granted summary judgment and Brown brings this appeal. *Held*:

Appellant has enumerated three errors. Although she stipulated she had knowledge of "the dangerous condition of the lighting and carpet in the stairwell," she alleges the trial court erred: (1) in making these facts "the determinative factor in granting summary judgment to the Defendant," (2) "in finding there was no genuine issue of material fact regarding Defendant's breach of legal duty to Plaintiff," and (3) "in finding that there was no genuine issue of material fact with regard to the legal and factual cause of Plaintiff's injury." In sum,

appellant argues it was error to grant summary judgment to her landlord.

Contrary to appellant's allegations, the trial court made no specific findings as to any determinative fact, or breach of any legal duty, or the legal or factual cause of her fall. The trial court entered the standard statutory wording in granting summary judgment to RFC. Thus, in essence, the only issue before this Court is whether the grant was proper. As in every summary judgment in actions involving allegations of negligence, we start our analysis from the accepted standard that "[g]enerally, issues of negligence, and in particular the related issues of contributory or comparative negligence, assumption of the risk, lack of ordinary care for one's own safety and lack of ordinary care in avoiding the consequences of another's negligence and similar matters are not proper for summary adjudication." *Morris v. Pulliam*, 168 Ga. App. 442, 444 (309 SE2d 423). Likewise, in order for a movant defendant to obtain summary judgment in its favor it is necessary that it produce evidence which conclusively negates at least one essential element of the opponent's case. *Vizzini v. Blonder*, 165 Ga. App. 840 (303 SE2d 38). Hence, movant must pierce plaintiff's pleadings to show the court the defendant is entitled to summary judgment as a matter of law, irrespective of any other issues of fact with regard to the other essential elements. *Morris*, supra at 444; see also *Waldrep v. Goodwin*, 230 Ga. 1, 2 (195 SE2d 432).

"To state a cause of action for negligence in Georgia, the following elements are essential: '(1) A legal duty to conform to a standard of conduct raised by the law for the protection of others against unreasonable risks of harm; (2) a breach of this standard; (3) a legally attributable causal connection between the conduct and the resulting injury; and, (4) some loss or damage flowing to the plaintiff's legally protected interest as a result of the alleged breach of the legal duty.' " *Bradley Center v. Wessner*, 250 Ga. 199, 200 (296 SE2d 693). Appellee landlord owed the legal duty to his tenants to keep the premises in repair. OCGA § 44-7-13. Additionally, the landlord is responsible for damages arising from the failure to keep the premises in repair. OCGA § 44-7-14. However, in order to recover, a tenant is required to show not only that the landlord breached his statutory duty to keep the premises in repair, but that such breach was the proximate cause of her injury. Absent such cause-effect connection, plaintiff's action would be lacking one essential element. We find the evidence presented to the trial court establishes the absence of a causal relationship between the alleged acts of negligence of the defendant landlord and the injuries incurred by the plaintiff tenant.

Appellant was questioned extensively as to the cause of her fall. "Q. What did you fall on, if anything? A. I don't know. Q. Did you trip over anything? A. I don't know. I just lost my footing. . . . Q.

What do you remember happening? A. Just going up the stairs. It was dark . . . real dark, and I just remember losing my footing. I remember landing at the bottom of the stairs. . . . One minute, I was going up the stairs. The next minute, I was going down them."

Our Supreme Court has held that " 'proof of nothing more than the occurrence of the fall is insufficient to establish the proprietor's negligence.' " *Alterman Foods v. Ligon*, 246 Ga. 620, 624 (272 SE2d 327). There must be a causal relationship between the breach of the statutory duty and the plaintiff's injuries. " 'To presume that because a [tenant] falls in [an apartment complex's common passageway] that the [landlord] has somehow been negligent would make the [landlord] an insurer of his [tenant's] safety which he is not in this state.' " *Key v. J. C. Penney Co.*, 165 Ga. App. 176-177 (299 SE2d 895). See *Phelps v. Consolidated Equities Corp.*, 133 Ga. App. 189 (2) (210 SE2d 337) as to a landlord not being an insurer of a tenant's safety.

Because the evidence presented to the trial court established there was no causal connection between appellant's fall and the alleged failure of the landlord to keep the premises in repair, the trial court did not err in granting summary judgment to appellee. *Jenkins v. Storey Trucking Co.*, 184 Ga. App. 672, 673 (362 SE2d 466); see also *Motes v. 6 "S" Co.*, 186 Ga. App. 67 (366 SE2d 358) and *Garnett v. Mathison*, 179 Ga. App. 242, 243 (345 SE2d 919).

*Judgment affirmed. Deen, P. J., Banke, P. J., Sognier and Pope, JJ., concur. McMurray, P. J., Carley, Benham, and Beasley, JJ., dissent.*

BEASLEY, Judge, dissenting.

Considering the portions of the tenant's deposition which are quoted in the opinion, a jury could reasonably infer that the tenant lost her footing on the stairs because it was dark. This is enhanced by her response to another question: "Has there been a determination as to what, if anything, you fell on? A. "I don't know, but it was always poorly lit. The carpet was bad. You know, it did not fit the stairs. And there was also debris." She explained that the reason she did not know what she stepped on is that it was dark as she was ascending the stairs with her laundry so she could not see what her foot was landing on, and afterwards she was too badly injured to investigate. (There is evidence she had a broken neck, among other injuries.)

She also testified that she did not use the other more distant stairway because it was in as bad condition. The jury could also find that it was the duty of the landlord under OCGA § 44-7-13 to keep the stairway, a common area leading to a laundry facility which was part of the consideration for the rent, lighted. It would be liable for damages. OCGA § 44-7-14. There was evidence that there were light fixtures on the 15 to 20-step stairwell, but they did not have working

bulbs in them. The tenant's deposition and the affidavit of a neighbor both state that each of them had notified the management many times of the deficiency and that it was not corrected despite assurances.

Even as an owner or occupier of land, the landlord owes the duty to the invitee to exercise ordinary care in keeping the premises safe. OCGA § 51-3-1. But where the relationship between plaintiff and defendant is not that of business proprietor and customer but that of tenant and landlord, the contractual relationship and the particular duty placed on the landlord by statute requires further examination when equal knowledge is shown. The landlord is not as easily discharged from liability. See *Richardson v. Palmour Court Apts.*, 170 Ga. App. 204, 206 (316 SE2d 770) (1984); *Grier v. Jeffco Mgt. Co.*, 176 Ga. App. 158, 159 (335 SE2d 408) (1985). A recognition of the distinctions is noted in *Lindsey v. Housing Auth. of Atlanta*, 181 Ga. App. 814 (354 SE2d 13) (1987), and *Smith v. Collins*, 182 Ga. App. 564 (356 SE2d 530) (1987). This is more in the nature of an alleged tort arising out of a contract and breach of a duty imposed by statute on the contracting party.

Although the tenant does not know what her foot specifically and directly landed on or missed when she placed it, unbalancing her, this does not exclude all proximate cause of her fall. Since there is some evidence that lack of lighting contributed to her fall, for which lighting the landlord and not the tenant is responsible, summary judgment is premature. *Shadowood Assoc. v. Kirk*, 170 Ga. App. 209, 210 (2) (316 SE2d 487) (1984). The lack of evidence of what physical object her foot landed on or missed does not foreclose a finding of proximate cause from the evidence of the conditions existing at the location, i.e., unlit stairwell in its attendant circumstances.

Here, the issue of proximate cause is unresolved and is not precluded as a matter of law upon the record to date, just as is the issue of contributory negligence, assumption of risk considering the tenant's choices, and so on.

This case is sufficiently similar to that presented in *Richardson*, supra, to be treated the same way. It falls within the category of those in which summary judgment is inappropriate upon an application of the following: " 'The trial court can conclude as a matter of law that the facts do or do not show negligence on the part of the defendant or the plaintiff only where the evidence is plain, palpable and indisputable.' [Cit.]" *Manheim Svcs. Corp. v. Connell*, 153 Ga. App. 533, 534 (265 SE2d 862) (1980).

I am authorized to state that Judge Carley and Judge Benham join in this dissent.

DECIDED NOVEMBER 17, 1988 —
REHEARING DENIED DECEMBER 12, 1988 — 

*Sharon L. Rowen*, for appellant.
*McLain & Merritt, Albert J. DeCusati*, for appellee.