A94A0780. BANKS v. PAYNE.
(445 SE2d 826)

McMURRAY, Presiding Judge.

Andrew C. Banks filed an action against Gussie Watson Payne for damages allegedly sustained after he was struck by an automobile driven by Payne. Payne denied the material allegations of the complaint and alleged that the sole proximate cause of any damages sustained by Banks was his negligence in running into the path of her vehicle. Payne filed a motion for summary judgment and several depositions. We examine this evidence in a light "most favorably toward the party opposing the motion as we must. See *Holland v. Sanfax Corp.*, 106 Ga. App. 1, 4 (126 SE2d 442); *Sellers v. Wolverine Soap Co.*, 19 Ga. App. 295 (1) (91 SE 489); *McCarty v. Nat. Life &c. Ins. Co.*, 107 Ga. App. 178, 179 (1) (129 SE2d 408)." *Morris v. Pulliam*, 168 Ga. App. 442, 444 (2) (309 SE2d 423).

---

At about 3:30 in the afternoon on September 11, 1990, Linda Ranné was driving a vehicle occupied by her daughter and her 16-year-old son, Andrew Banks. Banks asked his mother to drop him off at his uncle's place of business on Ferry Lake Road in Tifton, Georgia. Ranné complied, stopping the vehicle in her lane of traffic "about a half a block up from Eastside Superette store." She then admonished Banks to look both ways before crossing the street and instructed him to tap the rear of the vehicle when he was ready to cross the road. Banks exited the right side of the car, walked around to the trunk of the vehicle and looked in both directions. He saw a school bus to his left (behind his mother's car) that had "just tipped [a nearby] hill." Banks did not see any traffic to his right. He then "paused for a minute[,] hit the trunk of the car[,] looked again both ways [and] still didn't see nobody so [he] proceeded [jogging] across the street." When Banks "got beyond . . . the middle of the lane[, he] looked back to [his] right again [and] then . . . spotted [Payne's vehicle. It] was too late, [Banks] couldn't do nothing and [Payne, then 75 years of age,] hit [him]." Two weeks earlier, Payne was involved in another traffic collision. She then "ran out in front of a truck . . ." and "totalled" her car.

The trial court granted Payne's motion for summary judgment. This appeal followed. *Held*:

"Generally issues of negligence, and in particular the related issues of contributory or comparative negligence, assumption of the risk, lack of ordinary care for one's own safety and lack of ordinary care in avoiding the consequences of another's negligence and similar matters are not proper for summary adjudication. See *Wakefield v. A. R. Winter Co.*, 121 Ga. App. 259, 260-261 (174 SE2d 178); *Lockhart v. Beaird*, 128 Ga. App. 7, 9 (195 SE2d 292); *Shuman Supply of Savannah v. Skinner*, 128 Ga. App. 431, 433 (197 SE2d 152); *Griffin v. Bremen Steel Co.*, 161 Ga. App. 768, 772 (288 SE2d 874). Likewise, in order for a defendant to obtain summary judgment in his favor it is necessary that the defendant produce evidence which conclusively negates at least one essential element entitling the plaintiff to recover under any theory fairly drawn from the pleadings and the evidence. The plaintiff's pleadings must be pierced to show to the court that the defendant is entitled to summary judgment as a matter of law irrespective of any issues of fact with regard to other essential elements. See *Waldrep v. Goodwin*, 230 Ga. 1, 2 (1) (195 SE2d 432); *Dunbar v. Green*, 229 Ga. 829, 830-831 (194 SE2d 435)." *Morris v. Pulliam*, 168 Ga. App. 442, 444 (1), supra.

In the case sub judice, Payne testified that she was not speeding when she hit Banks; that her "eyes was [sic] focused on the road . . ." and that Banks unexpectedly ran into her vehicle. Edward Wells testified that he was driving a school bus on the day of the collision; that

he observed Banks exit the passenger side of a vehicle stopped ahead of his school bus in his lane of traffic; that he watched the boy traverse the road without looking and that he saw Banks run across the centerline and into Payne's vehicle. Wells testified that Payne was driving about 30 or 35 mph when she struck Banks and that Payne could not have possibly avoided the collision. Payne argues that this testimony and Banks' failure to come forward with proof that she failed to keep a proper lookout pierced any allegation that she was negligent. See *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474). We do not agree.

"[S]ummary judgment cannot be obtained by a movant in a case of the nature of the case sub judice and which rests entirely on opinion evidence. . . . See *Griffin v. Bremen Steel Co.*, 161 Ga. App. 768, 771-772, supra, and cases cited therein." *Morris v. Pulliam*, 168 Ga. App. 442, 444 (2), supra. Although Payne and Wells gave persuasive accounts of the incident which forms the basis of the case sub judice, their conclusions that Payne was either not negligent or that Payne could not have avoided striking Banks are not binding because they are conclusions of law or expressions of opinion. See *Cameron v. Moore*, 199 Ga. App. 800, 801 (2), 802 (406 SE2d 133).

"In *Eubanks v. Mullis*, 51 Ga. App. 728 (181 SE 604), the court was confronted with a case resembling the [case sub judice]. There, a pedestrian was crossing the road between two parked cars. While the pedestrian was looking to his left for traffic and before he had time to look to the right, he was struck by defendant's car. The holding in that case is equally applicable to this case: 'Where in an action for personal injuries there is a question as to whether or not the plaintiff could have avoided the injury to himself by exercising ordinary care, and the evidence does not show such conduct on plaintiff's part as to amount to negligence per se, the question as to the exercise of ordinary care is for the jury. (Cits.)' Id. p. 732. The holding in *Eubanks* is dispositive [in the case sub judice]." *Hill v. Copeland*, 148 Ga. App. 232, 235 (4) (250 SE2d 822). Consequently, the trial court erred in granting Payne's motion for summary judgment.

*Judgment reversed. Pope, C. J., concurs. Smith, J., concurs in the judgment only.*

DECIDED JUNE 30, 1994 —
RECONSIDERATION DENIED JULY 11, 1994 —

*Simpson, Gray & Carter, Ralph F. Simpson, Melanie B. Cross,* for appellant.
*Sims, Fleming & Spurlin, John C. Spurlin,* for appellee.