A94A1210. GRANT et al. v. PERIMETER MALL
MANAGEMENT CORPORATION.
(452 SE2d 153)

RUFFIN, Judge.

Rachel and Cham Grant appeal from the trial court's grant of Perimeter Mall Management Corporation's ("the mall") motion for summary judgment.

On June 10, 1992, the Grants, an elderly Florida couple who was visiting their daughter in Atlanta, went shopping at Perimeter Mall with their daughter and her sons. The Grants stood close to the entrance of a certain store while their daughter and grandsons shopped there. While standing close to the entrance of that store, the Grants smelled a strong odor that made their throats, noses and eyes burn. After standing close to the entrance of the store for approximately five minutes, the couple walked away from the entrance because the

odor was too strong. As they were walking down the mall corridor, Mrs. Grant began to feel dizzy and light-headed, then fell, breaking her hip. The Grants testified they were told by employees of the mall that the odor they smelled was caused by a fire in a trash receptacle that had recently been extinguished in the general area of the mall where they noticed the smell.

" 'To state a cause of action for negligence in Georgia, the following elements are essential: "(1) A legal duty to conform to a standard of conduct raised by the law for the protection of others against unreasonable risks of harm; (2) a breach of this standard; (3) a legally attributable causal connection between the conduct and the resulting injury; and, (4) some loss or damage flowing to the plaintiff's legally protected interest as a result of the alleged breach of the legal duty." ' [Cit.]" *Brown v. RFC Mgmt.*, 189 Ga. App. 603, 604 (376 SE2d 691) (1988). In order for a defendant to obtain summary judgment in its favor, it must conclusively negate one of the elements of negligence. Id. If the defendant is successful in piercing plaintiff's pleadings with regard to one essential element, the defendant is entitled to summary judgment regardless of whether issues of fact remain with regard to the other elements. Id. When reviewing whether the trial court properly granted a party's motion for summary judgment, we must view the evidence in the light most favorable to the non-moving party. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

The mall does not dispute that it owed the Grants, as invitees on its premises, a duty "to exercise ordinary care in keeping the premises and approaches safe." OCGA § 51-3-1. The mall contends that the grant of summary judgment was proper because the evidence established that it did not breach its duty of care to the Grants and there was no causal connection between Mrs. Grant's fall and any duty owed by the mall to the Grants.[1] We disagree.

The evidence shows that the officer who extinguished the fire did not follow certain procedures established by the mall for fighting fires. The security supervisor testified that the mall's established procedure for extinguishing such fires was to remove the receptacle from the common area of the mall before extinguishing the fire. The officer who extinguished the fire testified he put out the fire inside the mall common area. The evidence also established that security officers were instructed by the mall to ascertain what was burning before attempting to extinguish the fire and to use a proper extinguisher for the type of fire. The officer who responded to the fire testified he did not know what was burning and he did not know what kind of extin-

---

[1] The mall does not contend on appeal that the Grants had equal or superior knowledge of the fire and resulting smoke.

guisher he used to extinguish the fire. Most importantly, the mall's guidelines require that everyone be removed or leave the area where the fire is located before it is extinguished. The Grants' testimony places them in the general vicinity of the fire at the time it was extinguished. The evidence of the failure of the mall's employee to follow the mall's established procedures in extinguishing the fire creates a jury question concerning whether the mall breached its duty to the Grants to exercise ordinary care in keeping the premises safe.

There also remains a jury question concerning whether there exists a causal connection between any breach of duty of the mall to the Grants and Mrs. Grant's injury. A jury could find that the failure of the mall's employee to follow established procedures for extinguishing fires resulted in more smoke being present in the mall area than would have been present if the procedures had been followed. A jury could also find that the amount of smoke present in the mall caused Mrs. Grant to feel light-headed and dizzy, subsequently causing her to fall. We reject the mall's argument that there is no evidence of a causal connection between Mrs. Grant's inhalation of the smoke and her subsequent dizziness and fall. She testified that after smelling the odor, which the mall's employees told her was attributable to a fire in the mall area, she felt light-headed and dizzy and soon fell. This is sufficient to send that issue to a jury. As none of the elements of the Grants' negligence claim is precluded as a matter of law, the trial court's grant of summary judgment must be reversed.

*Judgment reversed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED NOVEMBER 30, 1994 —
RECONSIDERATION DENIED DECEMBER 16, 1994.

*Goldner, Sommers, Scrudder & Bass, Stephen L. Goldner, Tammy S. Skinner,* for appellants.

*Webb, Carlock, Copeland, Semler & Stair, Wayne D. McGrew III, Mary K. Smith, Adam L. Appel,* for appellee.