## A96A1247. CARTER v. ENSLEY et al.
(473 SE2d 265)

JOHNSON, Judge.

Natalie Carter filed an action against Walter Ensley, and his father Benny Ensley under the family purpose doctrine, seeking to recover damages allegedly sustained when she was struck by a

pickup truck driven by Walter Ensley. In their answer, the Ensleys asserted that the sole proximate cause of any damages sustained by Carter was her own negligence in stepping into the path of Ensley's vehicle as it traveled through an intersection. The Ensleys filed a motion for summary judgment, which the trial court granted.

Both Carter and Ensley were students at Valdosta State University on the day of the accident, which occurred near the campus. According to Ensley's deposition testimony, as Ensley was driving on North Oak Street, he saw that the traffic signal at the intersection of North Oak Street and Brookwood was green. Ensley noticed pedestrians in his peripheral vision, but was looking ahead as he entered the intersection. He did not see Carter until it was too late to avoid hitting her, although he was able to swerve. Eric Prince, also a student, witnessed the accident. He deposed as follows: "I was just walking to class and [Carter] was in front of me. And she was getting ready to cross the street. The light was green, the guy had the right of way. I was just looking and I had to be at least 15 feet — between 12 and 15 feet behind her, and she kept walking across the street. And the guy was coming, and it just all happened so fast. She continued walking. She didn't appear to seem like she was slowing down or anything. I guess she had a miscommunication with the traffic light. So, anyway, she continued to walk across the street; and the guy saw her; and he blew his horn; and he attempted to stop, but it wasn't his fault. . . . From what I could see, he couldn't avoid it." Prince also testified that Ensley did not appear to be exceeding the speed limit. Jeffrey Perry, another eyewitness to the accident, testified that the truck in which he was a passenger was stopped at a red light when he saw Ensley's truck travel through the intersection on green, sound his horn, and hit Carter.

Carter does not recall if she looked at either the traffic lights controlling the intersection or the pedestrian cross-walk signals before entering the intersection. She testified at her deposition that as she approached the intersection she looked, but saw nothing coming. She never saw Ensley's vehicle before it hit her. Carter's father testified by way of affidavit that Ensley visited the hospital after the accident and told him that he was in a hurry to get to class.

In a single sentence order, the trial court granted the Ensleys' motion for summary judgment and Carter appeals. While the evidence of record in this case suggests that Carter failed to exercise due care for her own safety, "evidence is insufficient to support summary judgment if it merely preponderates towards the defendant's theory, or if it only discloses that satisfactory proof of plaintiff's case on trial will be unlikely. [Cits.]" *Scott v. Owens-Illinois*, 173 Ga. App. 19, 21 (325 SE2d 402) (1984). In *Banks v. Payne*, 213 Ga. App. 783, 785 (445 SE2d 826) (1994), a factually similar case which stands as

physical precedent only, this Court found summary judgment was inappropriate in a case which relied solely on expressions of opinion. The determination of issues such as whether Ensley was operating his vehicle with due care, and whether Carter could have avoided the injury to herself by exercising due care for her own safety, are uniquely issues for a finder of fact. See *Hill v. Copeland*, 148 Ga. App. 232, 235 (4) (250 SE2d 822) (1978).

The appellees cite three cases in support of their argument that the mere occurrence of an accident does not demand a finding of negligence: *Neal v. Miller*, 194 Ga. App. 231 (390 SE2d 125) (1990); *Johnson v. Ellis*, 179 Ga. App. 343 (346 SE2d 119) (1986); and *Richardson v. Pullen*, 175 Ga. App. 305 (333 SE2d 130) (1985). Verdicts were directed in favor of the defendants in each of these cases. None of them involved the grant or denial of summary judgment. While a motion for summary judgment is analogous to a motion for a directed verdict, *Porter v. Felker*, 261 Ga. 421 (1) (405 SE2d 31) (1991), "[a]n evidentiary posture authorizing the grant of a directed verdict may not authorize the grant of summary judgment in a case . . . where the party making the motion for summary judgment is not required to carry the burden on the trial of the case." (Citations and punctuation omitted.) *Winn-Dixie of Greenville v. Ramey*, 186 Ga. App. 257, 258 (1) (366 SE2d 785) (1988). Because Carter bears the burden at trial of proving Ensley negligent, a contention he has attempted to rebut with opinion evidence in his motion for summary judgment, we conclude that the trial court erred in granting summary judgment and reverse.

*Judgment reversed. McMurray, P. J., and Ruffin, J., concur.*

DECIDED JULY 9, 1996.

*Loyce W. Turner, Jr.*, for appellant.
*Young, Thagard, Hoffman, Scott & Smith, F. Thomas Young, John H. Smith, Jr.*, for appellees.